Note.—See under (1) 29 Cyc. p. 86. (2) 29 Cyc. p. 244. (3) 29 Cyc. p. 253.

---

## TURNER OKLAHOMA CO. v. YELLOW CAB; & BAGGAGE CO.

No. 16336.  Opinion Filed March 13, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

1. **Carriers—Status of "Common Carrier" Determined by Statute and not Contractual Relations.**

"Everyone who offers to the public to carry persons, property, or messages is a common carrier of whatever he thus offers to carry." Section 4877, C. O. S. 1921. And the fact that no contractual relationship exists between the carrier and the party alleging the status of defendant to be that of a common carrier, has no bearing on the question of whether or not defendant was, in fact, a common carrier; the test being whether or not defendant is engaged in the character of business which the statute defines to be that of a common carrier.

2. **Same—Delivery of Package to Other than Consignee Through Fraudulent Directions of Unknown Party—Carrier Liable to Consignor for Loss**

Where an unknown party, representing himself to be the agent of P., orders merchandise from T., stating that he will send for the shipment; and T. thereupon prepares the shipment and addresses it to P.; and thereafter an unknown party calls Y., a common carrier, and requests it to call at the place of business of T. and get a package addressed to P., and deliver it to an address other than that of P., and the agent of Y. calls for said package, receipts therefor upon an invoice showing P. to be the consignee, and delivers said package to the address directed by the unknown person, without attempting to make delivery to P., the consignee, or to ascertain if the party receiving the merchandise is, in fact, P., the consignee, held, that it was the duty of the carrier, Y., to make delivery to P., the consignee; and upon its failure to do so, it became liable to T., the consignor and owner of the property, for the value thereof.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the Turner Oklahoma Company against the Yellow Cab & Baggage Company. Judgment for defendant, and plaintiff appeals. Reversed.

Cottingham, McInnis & Green, Frank G. Anderson, and M. M. Gibbens, for plaintiff in error.

Wright & Blinn, for defendant in error.

PER CURIAM. This cause presents error from the district court of Oklahoma county. The action was originally instituted in the justice of the peace court. The plaintiff, Turner Oklahoma Company, sued the defendant, Yellow Cab & Baggage Company, for $59.90, the value of certain merchandise which, it is alleged, the defendant delivered to a party other than the consignee. On appeal to the district court judgment was rendered in favor of the defendant, from which plaintiff appeals.

It appears that on Saturday, May 17, 1924, some unknown person called the plaintiff by telephone, and ordered a bill of merchandise consisting of chewing gum, candy and the like, of the value of $59.90, giving the name of the Palace Drug Company, at Noble, Okla., as purchaser, and advising plaintiff that some one would call for the package. Plaintiff thereupon placed the merchandise in a package, which, after be-

ing wrapped, was addressed to the Palace Drug Company, Noble, Okla.

On the same day some unknown person called defendant over the telephone, and instructed it to call at plaintiff's place of business and obtain a package addressed to Palace Drug Company of Noble, Okla., and deliver it to 23 West Grand avenue, Oklahoma City. Defendant sent one of its drivers to secure the package, but due to a misunderstanding as to plaintiff's address, the driver was unable to locate the package on that date. On the following Monday defendant received another telephone call, giving plaintiff's correct address and again requesting defendant to obtain the package and deliver it to 23 West Grand avenue, Oklahoma City. Thereupon one E. Scott, a driver employed by defendant, called at plaintiff's place of business and asked for the package addressed to Palace Drug Company, of Noble, Okla. Plaintiff delivered the package to him, and the said Scott receipted therefor on the invoice, signing the name, "Yellow Cab Co. E. Scott." The invoice on which the driver signed showed the consignee to be the Palace Drug Company, Noble, Okla. Mr. Bose, manager of plaintiff company, and who delivered the package to the driver, inquired if his company was running a transfer line to Noble. The testimony of Mr. Bose is that Mr. Scott told him they were just starting such a line, while the driver's testimony is that he told Mr. Bose they were not running such a transfer line at present, but were "figuring" on it.

After receiving the package from plaintiff, the driver transported it to 23 West Grand avenue, where he left it, and a man paid the transfer charges. The driver testified he did not know who the man was that paid him for delivering the package; that he did not inquire if he was the one who ordered the package delivered to 23 West Grand avenue, and that the man who paid him was right by the door of the restaurant, on the outside, and not in the restaurant at all.

A Mr. Johnson testified that he worked at 23 West Grand avenue for a Mr. Williamson, who operated a cafe at that address; that he saw the package and asked Mr. Williamson to whom it belonged, and Mr. Williamson said he did not order it. He further testified that a little later a man came and took the package out.

The court, in directing a judgment. or in rendering judgment for defendant, did so on the theory that no negligence on the

part of defendant was shown, and held that, since both plaintiff and defendant were victims of a fraud, under the rule that where one or two innocent parties must suffer, the person who makes possible the injury must suffer the detriment, and that plaintiff, having made possible the injury, must suffer the loss.

The first proposition urged is that defendant was a common carrier, and liable as an insurer for safe delivery of the goods to the consignee. Defendant, while admitting that it is engaged in the character of business defined by the statute as that of a common carrier, contends that, as between it and plaintiff, it was not a common carrier, for the reason that defendant was not employed by plaintiff to carry the package anywhere. No authority is cited in support of this contention.

Section 4877, C. O. S. 1921, defines a common carrier in the following language:

"Everyone who offers to the public to carry persons, property, or messages is a common carrier of whatever he thus offers to carry."

There is nothing in the language of this section which would indicate that in order for an individual or corporation to be a common carrier there must, in each individual transaction, be a contract between the carrier and the party alleging its status to be that of a common carrier. While there seems to be no case from our own state bearing directly upon this issue, the Supreme Court of North Dakota, in the case of Schlosser v. Great Northern Ry. Co., 20 N. D. 406, 127 N. W. 502, has held as follows:

"The owner of goods injured by a carrier may sue the carrier for their loss or injury, though he has no contract with the carrier for the carriage, on the ground that the carrier has the goods lawfully in his possession, and has become obligated to carry them safely and deliver them to the consignee. * * *"

And, in Atlantic Coast Line R. Co. v. Meinhard, Schaul & Co., 133 Ga. 684, 66 S. E. 897, it was held that the consignor, having delivered the merchandise to the carrier and taken a receipt therefor, could recover from the carrier for loss in transit, although the buyer, or consignee, had paid the freight.

The authorities quoted, supra, would indicate that, in order for the status of defendant to be that of a common carrier, it was not necessary that a contractual relationship should exist between plaintiff and

the carrier with respect to the transportation of the merchandise. The test in such cases is whether or not defendant is engaged in the character of business defined by statute to be that of a common carrier, and whether or not the merchandise was lawfully in the possession of the carrier. Both of these elements were present in the instant case.

It being admitted that defendant's business was of the character defined by statute to be that of a common carrier, and defendant having come lawfully into possession of the property, it is our opinion, and we so hold, that the status of defendant in the instant case was that of a common carrier. Since it is admitted that defendant was paid for transporting the merchandise here in question, it would follow that it was a common carrier for reward.

It is well established that it is the duty of a common carrier for reward to safely convey the goods instructed to it, and deliver them to the party designated by the terms of the shipment, at the place of destination, and that if the carrier delivers the goods to a person not entitled to them, it is liable, irrespective of good faith in making delivery. No question of negligence arises, for in such case the carrier acts at its peril, and is liable regardless of negligence. 10 C. J. sec. 377. And in 10 C. J., sec. 379, the following rule is announced:

"It is uniformly held that where one not the actual consignee, by means of any fraudulent device, procures delivery of the goods to himself, the carrier and not the consignor is the one on whom the fraud is perpetrated, and who must bear the loss."

In Hutchinson on Carriers (3rd Ed.) sec. 668, the following language is used:

"No circumstance of fraud, imposition, or mistake will excuse the common carrier from responsibility for delivery to the wrong person. The law exacts of him absolute certainty that the person to whom delivery is made is the party rightfully entitled to the goods, and puts upon him the entire risk of mistakes in this respect, no matter from what cause occasioned, however justifiable the delivery may seem to have been, or how satisfactory the circumstances or proof of identity may have been to his mind; and no excuse has ever been allowed for a delivery to a person for whom the goods were not directed or consigned."

This court, in Wichita Falls & N. W. Ry. Co. v. Brown Co., 76 Okla. 84, 183 Pac. 889, held:

"Under Rev. Laws 1910, sec. 821, in order for a railway company to absolve itself from liability as an insurer of goods transported by it, it must deliver the property to the consignee at the place to which it is addressed in the manner usual at that place."

See, also, Southern Express Co. v. Ruth, 183 Ala. 493, 29 South. 538; Pacific Express Co. v. Shearer, 160 Ill. 215, 43 N. E. 816.

In the instant case, the consignee, as shown by the address on the package, and the invoice upon which defendant's agent receipted for the same, was the Palace Drug Company, of Noble, Okla. Section 4910, C. O. S. 1921, provides that the carrier must comply with the directions of consignor or consignee to the same extent that an employee must comply with the directions of his employer, and that in case a conflict arises between consignor and consignee, the carrier must follow the directions of the consignor, except in matters respecting the delivery of the goods, in which case he follows the orders of consignee, unless specifically forbidden so to do by the consignor. Mr. Whitehead, the agent of the carrier, who received the call requesting his company to deliver the package addressed to Palace Drug Company to 23 West Grand avenue, testified that he did not ask the man who called whether or not he was connected with the Palace Drug Company, and did not even take his name. He was merely instructed by some unknown party to secure the package addressed to Palace Drug Company and deliver it to 23 West Grand avenue, Oklahoma City. It is not contended that the person who called the carrier was the agent of the Palace Drug Company, the consignee. It thus appears that defendant had no instructions from the actual consignee with respect to delivery of the shipment, and, in the absence of such instructions from consignee, under the statute quoted supra, it was the carrier's duty to follow the directions of the consignor with respect to delivery of the goods. The instruction of the consignor, as disclosed by the address upon the package and upon the invoice upon which receipt was acknowledged, was to deliver the shipment to the Palace Drug Company, of Noble, Okla. This direction was not complied with. The defendant wholly failed to discharge the mandatory obligation imposed by law to deliver the shipment to the consignee. Since the carrier was an insurer of the merchandise intrusted to it for delivery, its failure to deliver the same to the consignee rendered it liable, regardless of any question of negligence.

It is apparent that both plaintiff and defendant were victims of a fraud perpetrated by some unknown person. It is an unfortu-

nate circumstance, and the detriment must fall upon one of two innocent parties. The law, as applied to the facts in this case, very clearly places this burden upon the carrier. While the question of negligence does not enter into the determination of this case, yet, if either of the two innocent parties was at fault, it was the defendant, since, it appears to us, ordinary prudence would demand that a carrier, before transporting merchandise at the direction of an individual, should exercise diligence to ascertain whether or not the person from whom it receives its instructions has authority to issue directions with respect to the disposition of the shipment.

The facts are undisputed. The question involved is one of law. Having determined that the carrier is liable for a delivery to a party other than the consignee, it follows that the plaintiff is entitled to judgment as prayed in its petition.

The judgment of the district court is, therefore, reversed and remanded, with directions to enter judgment in favor of the plaintiff in accordance with the prayer of its petition.

Note.—See under (1) 10 C. J. p. 37 §1; anno. 18 A. L. R. 1316; 4 R. C. L. p. 546; 1 R. C. L. Supp. p. 1159; 4 R. C. L. Supp. p. 273; 5 R. C. L. Supp. p. 245: 6 R. C. L. Supp. p. 258. (2) 10 C. J. p. 263, §377; p. 264, §379; 4 R. C. L. p. 845; 1 R. C. L. Supp. p. 1224; 6 R. C. L. Supp. p. 275.