2008 UT App 436

**COLONIAL BUILDING SUPPLY, LLC, Plaintiff,**

v.

**CONSTRUCTION ASSOCIATES, INC., separately and dba KRT Drywall; Bud Bailey Construction, Inc.; Layton Pointe, LC; and John Does I–X, Defendants.**

**Bud Bailey Construction, Inc., Cross-claimant, Third-party Plaintiff, and Appellee,**

v.

**Construction Associates, Inc. separately and dba KRT Drywall; and William Kim Pitcher, Cross-claim Defendants and Third-party Defendant,**

**Cache Valley Bank, Garnishee and Appellant.**

No. 20070533–CA.

Court of Appeals of Utah.

Dec. 4, 2008.

Rehearing Denied Jan. 16, 2009.

N. George Daines, Logan, for Appellant.

Robert F. Babcock and Cody W. Wilson, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and McHUGH.

## OPINION

McHUGH, Judge:

¶ 1 Cache Valley Bank (Bank) appeals the trial court's Order that Bank pay $38,769.71, the amount remaining on Bud Bailey Construction, Inc.'s (Bud Bailey) judgment against Construction Associates, Inc.[1] We reverse and remand.

## BACKGROUND

¶ 2 On November 1, 2006, Bud Bailey served Bank with a Writ of Garnishment to obtain the funds Bank held on behalf of Construction Associates. An administrative assistant at Bank received service of the Writ.[2] At that time, Construction Associates had $17,901.94 in its checking account with Bank.

¶ 3 Bank responded to the Garnishment and answered the included interrogatories. *See generally* Utah R. Civ. P. 64D(e) (discussing interrogatories sent to a garnishee). One particular interrogatory stated: "[Bank] may deduct from the amount to be withheld money owed to [Bank] by [Construction Associates], if the amount is not disputed. If you make this deduction, state the amount deducted...." Bank left this section blank, thereby leaving the impression that it was not offsetting any amount for debts owed to it. In fact, Construction Associates had outstanding loans with Bank that exceeded $300,000. Notwithstanding its interrogatory response, Bank applied the $17,901.94 in

Construction Associates's checking account to the balance of one of the outstanding loans.[3]

¶ 4 Construction Associates continued to utilize its checking account with Bank, depositing approximately $45,000 and withdrawing approximately $44,000, after Bank received the Writ of Garnishment on November 1.[4] Bud Bailey, who had no notice that Bank had claimed an offset, filed a Motion for Order to Show Cause In Re Contempt on January 23, 2007, which the trial court granted. Several memoranda were filed and three hearings were held as a result of this Order. At the third and final hearing, held April 2, 2007, the trial court expressed concern regarding the deposits and withdrawals to Construction Associates's checking account that occurred after the Writ of Garnishment had been served. Both parties acknowledge that this issue had not been raised in any of the parties' briefs, nor had it been addressed in either of the prior hearings.

¶ 5 After the third hearing, the trial court verbally entered its ruling, stating,

[Bank was not] in compliance with the garnishment statute as required within Rule 64, because they didn't provide notice within the required time.

. . . .

... [Bank] didn't provide the notice that is required under the garnishment statute that there was an offset.

In addition, [Bank] did take an offset it appears of $17,000. However, [deposited] into that account after the garnishment was a total of [approximately $45,000].... The evidence that I have before me would indicate that [Bank] allowed [Construction Associates] to continue to write checks and allow those checks to clear the bank to pay

---

1. Bud Bailey had previously obtained a default judgment against Construction Associates in the amount of $46,919.79.

2. Bank argues that service upon the administrative assistant was improper but concedes that it waived any defense for improper service. Accordingly, we do not address the propriety of the service. We note this fact, however, as one that the trial court may consider on remand when determining what amount Bank should be required to pay for its failure to respond adequately to the interrogatories.

3. Bank transferred the money from Construction Associates's account to a bank-controlled suspense account on November 1, 2006, and actually applied it to the outstanding loan sixteen days later.

4. There is some discrepancy between the trial court's findings and the record in this case regarding the amounts deposited and withdrawn. However, that discrepancy is immaterial for the purposes of this appeal.

third parties while that garnishment was still in place.... There is nothing ... that would allow [Bank] to do what they have done in this case to circumvent a valid judgment and a valid garnishment, and therefore, what [Bank] did violated and was in contempt of the order of the Court. And as a result, [Bank] should be ordered to pay the [balance of the judgment].

The trial court's written order likewise was premised upon the trial court's findings that Bank failed to comply with rule 64D by not indicating an offset in its response to the interrogatories and that Bank circumvented a valid Writ of Garnishment by allowing funds to be deposited and then withdrawn after the Writ was served. Bank appeals.

### ISSUE AND STANDARD OF REVIEW

¶ 6 Bank's primary argument on appeal is that the trial court "erred in extending the scope of [the][W]rit of [G]arnishment to subsequent ... deposits made" to Construction Associates's account with Bank.[5] We review this issue for correctness. *See Madsen v. Washington Mut. Bank FSB*, 2008 UT 69, ¶ 19, 199 P.3d 898, 2008 WL 4299622 ("We review questions of law for correctness, giving no deference to the ruling of the court below."); *Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540 ("[T]he interpretation of a rule of procedure is a question of law that we review for correctness.").

### ANALYSIS

 ¶ 7 If a garnishee fails to comply with the requirements of rule 64D or a writ of garnishment, the trial court "may order the garnishee to appear and show cause why the garnishee should not be ordered to pay such amounts as are just, including the value of the property [held by the garnishee] or the balance of the judgment, whichever is less, and reasonable costs and attorney fees." Utah R. Civ. P. 64D(j)(2). In this case, the trial court found that Bank failed to comply

with rule 64D and the Writ of Garnishment by not asserting an offset in response to the interrogatories and by allowing Construction Associates to draw from funds deposited after the Writ was served. Bank does not contest that it failed to assert an offset in response to the interrogatories but argues the court erred when it considered the subsequent account activity. We agree.[6]

¶ 8 By the great weight of authority the liability of the garnishee is limited to the property of the defendant in the possession or under the control of the garnishee ... *at the time the writ of garnishment is served. The writ does not render the garnishee liable for property coming into his possession ... after the writ has been served.*

*Acheson–Harder Co. v. Western Wholesale Notions Co.*, 72 Utah 323, 269 P. 1032, 1034 (1928) (emphasis added); *accord* 6 Am.Jur.2d *Attachment and Garnishment* § 488 (2008) ("[A] writ of garnishment covers only the property or money of a debtor in the hands of the garnishee ... at the time of the service of the writ, and nothing beyond that."). *But see* Utah R. Civ. P. 64D(*l*) (allowing for a writ of continuing garnishment).[7] Indeed, Bud Bailey conceded during oral argument that under Utah law, the Writ of Garnishment only had effect with regard to the funds that were held by Bank at the time the Writ was served.

¶ 9 Because Bud Bailey concedes that the trial court could not consider the subsequent account activity and because Bank does not contest that it failed to properly respond to the Garnishment interrogatory, we reverse the trial court's November 1, 2006 ruling, including the award of attorney fees, and remand for further consideration. On remand, the trial court is free to require Bank to pay an amount that is just, pursuant to rule 64D, for its failure to answer adequately the interrogatory. However, the court should not consider the subsequent deposits and withdrawals when rendering its decision because Bank had no legal duty to hold those

---

5. We requested supplemental briefing on Bank's assertion of this claim before the trial court. Bank's supplemental memorandum and the parties' statements during oral argument convince us that the issue is properly preserved for appeal.

6. Because we resolve Bank's argument on this basis, we need not address its argument regarding the Uniform Commercial Code.

7. The parties agree that the Writ filed here was not a continuing writ.

funds pursuant to the Writ. We also note that rule 64D limits the amount that can be awarded to Bud Bailey to the balance of the amount of property held by Bank at the time the Writ was served, $17,901.94, or the amount of the judgment remaining unpaid, $38,769.71, "whichever is less," Utah R. Civ. P. 64D(j)(2). Consequently, the amount assessed against Bank for its failure to answer the interrogatory regarding offsets correctly should not exceed $17,901.94, plus "reasonable costs and attorney fees" if the court determines they are appropriate, *see id.*

## CONCLUSION

¶ 10 We reverse and remand for a determination of what amount, if any, Bank should be required to pay solely for its failure to answer adequately the interrogatory served with the Writ.

¶ 11 WE CONCUR: RUSSELL W. BENCH and JUDITH M. BILLINGS, Judges.