In re HENDRICKSON.

(167 N. W. 172.)

(File No. 4261.  Opinion filed March 26, 1918.  Rehearing denied May 7, 1918.)

1. **Insane Persons—Guardianship—Jurisdiction, County Court—Service on Resident Outside of State, Effect—Statutes.**

Under Prob. Code, Sec. 379, requiring notice to supposed incompetent person of time and place of hearing; Sec. 337, providing that when personal notice is required and no mode of giving it is prescribed it must be given by citation; Sec. 336, providing that a citation must be served in same manner as a summons in civil action; Code. Civ. Proc., Sec. 110, providing for service of summons in certain contingency by leaving copy thereof at his dwelling house in presence of member of his family, etc.; and Sec. 112, as amended by Laws 1907, Ch. 127, providing, among other things, that where a resident defendant has departed from this state with intent to avoid service of a summons, the summons may be in first instance served upon him personally without the state; held, that where after petition presented to county court to have defendant, a resident of the state, declared incompetent, a citation was returned non est inventus, and an order upon affidavit showing defendant had departed from the state with intent to avoid service, was made finding such fact and directing service of a new citation upon her either within or without the state, which was served upon her personally without the state, the court acquired jurisdiction over defendant's person.

2. **Constitutional Law—Due Process—Personal Service Without State—Citation of Insane Person—Statutes—Former Decision Commented On.**

Personal service upon an alleged incompetent without this state, she being a resident of this state; such service being pursuant to a citation from county court, is not violative of Const., Art. 6, Sec. 2, concerning denial of due process of law; construing Prob. Code, Secs. 379, 337, 336, providing for notice to supposed incompetent of time and place of hearing, for notice in certain cases by citation and for service of citation in manner as for summons; and Code Civ. Proc., Sec. 110, providing for service of summons, if defendant cannot conveniently be found, by leaving copy at his dwelling house, etc.; and Sec. 112, as amended by Laws 1907, Ch. 127, providing for publication of summons in certain contingencies, including that of defendant having departed from the state with intent to avoid service of summons, and that where service may be made by publication, summons may be in first ·instance served upon defendant personally without the state without a previous order for publication; court having in its order for such outside personal service found that the alleged incompetent had departed, etc. Certain quoted language in Straub v. Lyman L. & I. Co., 32 S. D. 571, 141 N. W. 979, disapproved.

Appeal from Circuit. Court, Hamlin County. Hon. CARL G. SHERWOOD, Judge.

In the matter of Maria Hendrickson, an alleged incompetent. From a judgment of the circuit court reversing an order of the county court denying a motion to quash service of a citation and dismiss proceedings for want or jurisdiction over the person of the alleged incompetent, Minnie K. Wayrymen and another appeal. Judgment of circuit court vacated, with directions to remand proceedings to county court for further proceedings.

*Linstrom & Benthin, W. N. Skinner,* and *Eugene P. Campbell,* for Appellants.

*M. J. Russell,* for Respondent.

(1) To point one of the opinion, Appellants cited: Prob. Code, Sec. 412.

(2) To point two of the opinion, Respondent cited: Raher v. Raher et al., (Ia.) 129 N. W., 494.

GATES, J. Verified petitions were filed in the county court of Hamlin county, representing that Maria Hendrickson of said county, and the owner of certain described real property therein, was mentally incompetent to care for herself and to manage her property, and asking that her brother, one of the petitioners, be appointed guardian of her person and property. A day was fixed for hearing the petitions and the court caused a citation to be issued to the alleged incompetent. On the return day the citation was filed showing a non est return, and an affidavit was filed, showing that on the day the petitions were filed she was taken from the home of one Salmonson in Brookings county, where she had been living for about five months, and removed to Ely, St. Louis county, Minn., and it was charged that such departure from the state was with the intention and purpose on her part to avoid service of said citation. Thereupon the court adjourned the hearing, made an order finding that she had departed from the state with the intention and purpose aforesaid, and directing the issuance of a new citation, and that it be served personally upon her wherever she might be found, either within or without the state. The citation was personally served upon her at Ely, St. Louis county, Minn. On the return day counsel made a special appearance for her, and objected to the jurisdiction of the court over her person and property, and moved the court to quash the service and the return thereof and to dismiss the proceeding for want of jurisdiction. The county court de-

nied said motion, and from an order denying the same, an appeal was taken to the circuit court of Hamlin county. Upon the hearing upon said appeal the court entered judgment, the gist of which is as follows:

."It is ordered and adjudged that, in so far as the county court assumed jurisdiction of the person of Maria Hendrickson by the personal service of a citation on her in the state of Minnesota, the proceedings of the county court were without authority and void, because the service of the citation on Maria Hendrickson at Ely, St. Louis county, Minn., did not confer on, or give to, the county court jurisdiction in said proceedings of the person of Maria Hendrickson, and the said service of the citation and the return thereof should have been quashed and set aside; that no personal judgment of the county court could be rendered against Maria Hendrickson on said service, the citation having been served on her without the state of South Dakota and within the state of Minnesota and not otherwise; that that part of the order of the county court so appealed from be and the same is hereby reversed accordingly in so far as it is in conflict with the judgment of the circuit court."

[1, 2] From such judgment the petitioners appealed to this court. Assuming that the order of the county court was an appeable order, and that the circuit court regularly acquired jurisdiction of the appeal, which matters we deem it unnecessary to consider at this time, the important question for determination is whether the circuit court erred in determining that the personal service of the citation upon the alleged incompetent in the state of Minnesota, she being a resident of South Dakota, did not give the county court jurisdiction of the person of Maria Hendrickson.

Section 379, Prob. Code, requires notice to be given to the supposed incompetent person of the time and place of hearing. Section 337, Prob. Code, provides that when a personal notice is required and no mode of giving it is prescribed, it must be given by citation. Section 336, Prob. Code, provides that a citation must be served in the same manner as a summons in a civil action. Section 110, C. C. P. provides:

"The summons shall be served by delivering a copy thereof, as follows: * * *

"6. In all other cases to the defendant personally; and if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family, over the age of fourteen years; or if the defendant reside in the family of another, with one of the members of the family in which he resides over the age of fourteen years. Service made in any of the modes provided in this section shall be taken and held to be personal service; and all writs, process, or orders issued by any of the courts of this state, or by the judges thereof, in an action or proceeding, shall be served in the manner, and upon the persons or officers mentioned in this section, and none other except in cases where service of papers can be made upon an attorney after appearance, as provided by the Code of Civil Procedure."

Section 112 C. C. P. provides:

"Where the person on whom the service of the summons is to be made, cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases: * * *

"2. Where the defendant, being a resident of this state, has departed therefrom with intent * * * to avoid the service of a summons. * * *"

Chapter 127, Laws 1907, added the following to said section 112:

"Provided, that in any case where service may be made on a defendant, by publication, as provided in this section, the summons and complaint may, at the option of the plaintiff, be in the first instance, served upon the defendant personally without the state in which event it shall not be necessary to present any affidavits to the court or procure any order for service by publication."

It will thus be seen that, if the delivery of the citation to the supposed incompetent person in the state of Minnesota was efficacious, she has not been denied the due process of law guar-

anteed by article 6, § 2, of the state Constitution and by the Fourteenth Amendment to the federal Constitution.

It must be conceded that if at the time of service Maria Hendrickson was a resident of Minnesota, and not a resident of South Dakota, the judgment of the circuit court was right. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565.

Having before it the decision of the Iowa Supreme Court, In re Raher, 150 Iowa, 511, 129 N. W. 494, 35 L. R. A. (N. S.) 292, Ann. Cas. 1912D, 680, and the decision of this court in Straub v. Lyman L. & I. Co., 31 S. D. 571, 141 N. W. 979, 46 L. R. A. (N. S.) 944, in which occurs the following sentence:

"It may be conceded that no person, resident or nonresident of the state, can be required by service of process or notice in a foreign state to appear and defend in the courts of the state from which such notice or process issues, except in those cases in which the impending action is intended to affect property or status of such person already within the jurisdiction of the state or its courts"

—it is not to be wondered at that the learned trial court arrived at the conclusion expressed in the judgment. But upon further consideration we are unable to accord our approval to the decision in the Raher Case, and we are now of the opinion that the above-quoted sentence from the Straub Case, which was obiter, stated the law too broadly. In the Straub Case the deciding feature was the fact that the local corporation was actually within this state, although its officer served with process was then without the state. The opinion in that case makes it entirely clear that the delivery of a summons outside the state in an action in personam is not an idle act nor void of efficacy.

Since the opinion in the Raher Case the Supreme Court of Texas has given this matter just as thorough consideration as did the learned Justice McClain in the Raher Case, and has arrived at the opposite result in the case of Mabee v. McDonald, 107 Tex. 139, 175 S. W. 676, basing its decision largely upon the principle of the amenability of the citizen of the state to its laws and upon the right of a state to provide by statute for the character of the service of process that may be made upon an absent citizen, in which view we concur.

A review of the many decisions of the courts of this country

is unnecessary, for they have all, or nearly all, been exhaustively reviewed in the Raher Case and in the Texas case. In a comparatively recent case the Supreme Judicial Court of Massachusetts said of Pennoyer v. Neff, supra, in Nichols v. Vaughan, 217 Mass. 548, 105 N. E. 376:

"That case does not go to the extent of holding that the courts of the state in which one is domiciled and to which he owes allegiance cannot acquire jurisdiction over him so as to be able to render a judgment in personam except after personal service of process upon him within the state. There are, however, expressions in several decisions of that court which lend support to that view."

After the citation of eight decisions of the United States Supreme Court, in all of which such expressions were dicta because the party served with process was in each case a nonresident, the court continues (the italics are ours):

"Of course, *if that is the law* under the Fourteenth Amendment of the federal Constitution *as established by the Supreme Court of the United States,* it is authoritative and binding upon all state courts."

It thus appears that the learned Massachusetts court is not satisfied that such obiter expressions should be taken as declaratory of what the law really is.

It must be conceded, under the statutes above referred to, and under the great weight of judicial authority, that, if the citation had been served by leaving a copy at the Salmonson home in Brookings county with the proper member of the family, no question could have been successfully raised as to the character of the service. In the case note to the Raher Case the scholarly annotator in 35 L. R. A. (N. S.) on pages 296, 297, has critically analyzed the situation, and by what seems to us to be unanswerable logic, has arrived at the same conclusion as the Texas court. We should like to adopt the whole of his "Conclusion" as a part of this opinion, but space forbids more than the following portions:

"If actual personal service upon a resident defendant in an action in personam were the only kind of service that would fulfill the requirement of due process of law, it might be conceded that personal service upon a resident defendant beyond the limits

of the state would not be sufficient. But if it may be conceded that due process is satisfied even in case of an action in personam, by leaving a copy of the process at the last known place of abode of a defendant who is a resident of the state, although absent therefrom at the time (a kind of service which may not in fact impart notice to him at all) there seems to be no reason why personal service of process upon him outside of the state (a kind of service that insures actual notice) should not be sufficient, unless handing the copy of the notice of process to the defendant in another state must be denied efficacy altogether, either as personal service or as a form of constructive or substituted service. * * * Personal service out of the state, therefore, not being so contrary to constitutional principles as not to be entitled to any efficacy at all, why may it not be regarded as sufficient to confer jurisdiction in personam upon a resident not for the same reason that personal service within the state is sufficient, but because it is at least the equivalent of constructive or substituted service by publication, or by leaving a copy at the residence of the defendant within the state. Certainly, from a practical point of view, whatever may be said in its favor from a technical legal point of view, a doctrine which concedes the efficacy of a kind of service which at most only renders probable actual notice to a resident defendant of the pendency of the suit, and denies the efficacy of a mode of service which insures actual notice, although imparted by an act which takes place out of the state, has but little to recommend it."

We therefore conclude that under our laws, which do not violate the principles of due process of law in so far as absent citizens of this state are concerned, the county court of Hamlin county acquired jurisdiction over the person of the alleged incompetent by the service of the citation upon her in the state of Minnesota.

The judgment appealed from is therefore vacated, and the trial court is directed to remand the proceeding to the county court of Hamlin county for further proceedings according to law.