[Civil No. 3898. Filed January 24, 1938.]

[75 Pac. (2d) 371.]

H. D. LORE, Appellant, v. CITIZENS BANK OF WINSLOW, ARIZONA, a Banking Corporation, Appellee.

Mr. Guy Axline, for Appellant.

Mr. Ralph Barry, for Appellee.

ROSS, J.—The question for decision is a very narrow one. It is, May a debtor, who in a supplemental proceeding under section 4236 et seq., Revised Code 1928, is ordered by the court to appear and answer before the court concerning his property, appear generally in response to such order and thereafter move that the judgment against him be vacated on the ground that he was not served with process and the court was without jurisdiction? or does such appearance waive all objections to the jurisdiction of his person?

The record shows that defendant, Lore, was not served with summons and did not appear either personally or by attorney at any time before the court ordered him to do so in the supplemental proceedings. The order was made, according to the minutes of the clerk, on motion of the judgment creditor's attorney on March 8th requiring Lore "to appear before this court on the 15th day of March, 1937, at 10:00 A. M., to answer to supplemental proceedings." At 11:30 A. M., March 15th the clerk's minutes show that "By stipulation of counsel hearing is continued until March 22nd, at 10:00 A. M." On March 24th Lore appeared specially for the purpose of moving the court to set aside the alleged service of summons, to vacate the judgment, dismiss the action, and to quash the order for his examination, on the ground that he was not served with process and the court had no jurisdiction of his person.

The fact of the lack of personal service on defendant, Lore, or appearance by him is admitted. The court overruled defendant's motion to quash and dismiss. He has appealed from the order denying his motion.

The court was doubtless of the opinion that the stipulation entered into with opposing counsel for

a continuance of the hearing in the supplemental proceeding was a general appearance in the action and a waiver of the defect of jurisdiction of the person of the defendant. It being admitted that there was no service of process and no appearance by the defendant, the judgment was absolutely void. The defendant was entitled to his day in court on the merits of the case and could not be condemned in judgment without such hearing or an opportunity to be heard. Appearance after such a judgment is entered against a party, whether general or special, will not cure a want of jurisdiction as to the judgment previously obtained, general statements in the texts and decisions to the contrary notwithstanding. *Godfrey* v. *Valentine,* 39 Minn. 336, 40 N. W. 163, 12 Am. St. Rep. 657; *Bennett* v. *Supreme Tent of Knights of Maccabees,* 40 Wash. 431, 82 Pac. 744, 746, 2 L. R. A. (N. S.) 389. In the last case the court said:

"It is next contended that the appellant appeared generally in its motion to vacate the judgment, and cannot now raise the question of jurisdiction. A party does not waive the question of jurisdiction or validate a void judgment by a general appearance in support of a motion to set the judgment aside. *Woodham* v. *Anderson,* 32 Wash. 500, 73 Pac. 536."

But we do not consider that the joint request for a continuance of the hearing in the supplemental proceeding was a general appearance by Lore in the main action. The continuance was of the examination of the defendant as to his property and nothing else. The proceeding presupposes a valid and subsisting judgment and seeks only to ascertain what, if any, tangible or intangible, personal or real property defendant has subject to the payment of his debts. Many of the states have statutes providing for supplemental proceedings, which the courts describe generally as in the nature of a creditor's bill. That

is what our statute is like. In some jurisdictions it is referred to as a special proceeding, somewhat independent of the main action; in others as an auxiliary or supplemental proceeding. 23 C. J. 826, § 929. The description of the nature of the proceeding is very well stated in *Hammond* v. *District Court,* 30 N. M. 130, 228 Pac. 758, 760, 39 A. L. R. 1490, 1496, as follows:

"The remedy, which is designed to afford a simple and expedient method of inquiring into the affairs of the debtor, and which takes the place of the common-law proceeding of a creditors' bill in equity, is auxiliary to and a part of the original action in the sense that it proceeds out of and takes the same number on the docket as the original cause, but it is essentially a new and independent action in the sense that its very gravamen involves the determination of new and different issues of fact and law, and may even involve the rights of third parties. The issue in the original action is the ascertainment of the debt due, and the rendition of a proper judgment therefor, while the issue in the supplemental proceeding is an inquiry into the affairs of the judgment debtor and the ascertainment that he owns certain property which may be applied in payment. The range of such inquiry may involve transactions with third parties, and, upon proper averments, their rights may become the subject of decision. Such proceeding has all the attributes of a civil action comprehending various issues for determination, all of which are foreign to the issues in the original action and cannot possibly affect the original judgment."

The appearance in the supplemental proceeding was indeed general as to such proceeding and was a waiver as to any defects in the creditor's affidavit showing the issuance of the execution and its return *nulla bona* or any defect in such return. But such appearance should be limited to the feature of the action involved in the supplemental proceeding.

When, however, on March 24th defendant appeared and filed his motion to set aside the service of summons, to vacate the judgment, dismiss the action,

and to quash the order for examination, although such appearance is designated by him as special, we think it amounted to a general appearance in the main action. It reached beyond the supplemental proceeding and protruded itself into the main action in that it asked for affirmative relief, that is, that the action be dismissed. If the motion had confined itself to a request that the service of summons be quashed and the judgment vacated, it would not have been a general appearance in the case. American Jurisprudence, vol. 3, page 789, section 11, reads:

"Generally it may be said that a defendant who intends to rely on a want of jurisdiction over his person must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance, in the first instance, for any other purpose, is usually considered general, and gives the same jurisdiction over the person of the defendant as though process had been regularly served in the manner and form, and for the length of time, prescribed by law. . . ."

In *Clawson* v. *Boston Acme Mines Development Company,* 72 Utah 137, 269 Pac. 147, 59 A. L. R. 1318, the objection to the jurisdiction of the person of the defendant was practically on the same grounds as the motion here. The fifth syllabus therein reads as follows:

"Special appearance of defendant for purpose of moving to quash and set aside service of summons and proof of service by publication was converted into general appearance, giving court jurisdiction of defendant, by request on special appearance that the court dismiss the action accordingly, since motion to dismiss invoked power to grant relief on other than jurisdictional grounds; motion to dismiss being based on Comp. Laws 1917, § 6546. *Cooke* v. *Cooke,* [67 Utah 371], 248 Pac. 83."

A dismissal of the case might of course finally determine it in favor of the defendant. If such dis-

missal was general or with prejudice it would conclude the plaintiff's rights, and for that reason we think the motion to quash the service, vacate the judgment, and *dismiss* the action, constituted a general appearance. That being true, the court was right in denying the motion but wrong in refusing to vacate the judgment in order that the defendant might be heard on the merits of the case. 2 R. C. L. 332, § 13.

The case is reversed, and the cause remanded, with directions that the judgment be vacated and that further proceedings be had in accordance herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.