179 P.2d 243

D. W. ONAN & SONS, Inc., et al. v. SUPE-
RIOR COURT, SANTA CRUZ
COUNTY et al.

No. 4966.

Supreme Court of Arizona.

March 31, 1947.

Arnold T. Smith, of Tucson, for petitioners.

Bryce H. Wilson, of Tucson, for respondents.

LaPRADE, Judge.

This is an original proceeding in this court by D. W. Onan & Sons, Inc., a Minnesota corporation, and D. W. Onan & Sons, a limited partnership, against Superior Court of Santa Cruz County and Gordon Farley as judge thereof, petitioning this court for a peremptory writ of prohibition directed to said court and judge for the purpose of preventing said court from continuing to assume or exercise jurisdiction over that certain action, being Cause No. 3841, now pending in the Superior Court of Santa Cruz County, in which Andrew Kux, individually, and Andrew Kux, doing business as Occidental Electric Company, is plaintiff and the petitioners herein are defendants. Leave to file the petition was granted and the same was legally noticed for hearing and presented by oral argument and briefs.

Plaintiff in the court below brought an action seeking damages for a breach of written contract against the Onan corporation, the Onan partnership, and the individual partners. Plaintiff attempted to secure service of the summons by registered mail. At the time of filing his complaint, and as a predicate for securing constructive service, plaintiff filed his affidavit setting forth that all of the defendants were nonresidents of the State of Arizona; that they were residents of the State of Minnesota; that the corporation was a Minnesota corporation and was doing business in Santa Cruz County, Arizona, but had no legally appointed and constituted agent in the State of Arizona. The affidavit did not allege that the defendants had any property in the state. The affidavit of proof of service disclosed that copy of the summons and complaint had been forwarded by registered mail to the corporation only. The record does not disclose that any attempt was made to serve the partnership or the individual partners. Nevertheless all of the named defendants appeared by counsel and filed a document entitled "Special Appearance under Rule 12 (b). Motion to Dismiss for Lack of Jurisdiction and Notice of Motion." This document announced that all of the defendants appeared specially and moved to dismiss the action for want of jurisdiction over the defendants and each of them. The motion set up that all of the defendants were nonresidents of the State of Arizona and were residents of the State of Minnesota; that neither the corporation nor the partnership had a legally appointed agent in the State of Arizona; that none of the defendants was doing business in the State of Arizona, nor had theretofore done business in the State of Arizona; and that they had no property in the State of Arizona. The motion was verified on behalf of the corporation by its president, and for the partnership and the individual partners by the several partners. No counter-affidavits were

258

filed, but at the time of the hearing on the motion the court at the request of counsel for plaintiff permitted plaintiff, over objection, to offer oral and documentary evidence, all of which was offered, received, and admitted for the purpose of contradicting the allegations of the verified motion, and to establish that the defendants or some of them were doing business within the State of Arizona. After considering the motion, the court entered this order:

"Defendant's motion to dismiss in the above entitled case is granted as to C. W. Onan, D. W. Onan, and R. D. Onan, individually. That portion of the motion as to D. W. Onan & Sons, a co-partnership, and D. W. Onan & Sons, Inc., a *Minneapolis* corporation is denied; it appearing to the Court that said co-partnership and corporation were doing business in the State of Arizona at the time of and prior to the publication of summons."

■ Under the trial court's theory, or any other theory, the motion should have been granted as to the partnership for the reason that the record then before the trial court disclosed that no service was attempted or had on the partnership or the individual partners. That this conclusion is correct cannot be doubted unless the motion to dismiss the action for want of jurisdiction over the persons of the defendants constituted a general appearance and had the effect of bringing the defendants within the jurisdiction of the court.

This is an appropriate time to consider the propriety of the special appearance of defendants and their motion to dismiss for lack of jurisdiction under Rule 12(b), Section 21-429, A.C.A.1939, and its effect. This rule reads as follows:

"21-429. Defenses and objections—How presented.—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one (1) or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

This rule constitutes a departure from our practice in effect at the time of the adoption of the new Rules of Civil Procedure. In Lore v. Citizens Bank of Winslow, 51 Ariz. 191, 75 P.2d 371, it was held

that a defendant who moved to set aside the service of summons, to vacate the judgment, and to dismiss the action had made a general appearance regardless of the fact that it was designated a special appearance. The proper procedure under the previous statutory rules was to move to quash the summons and its service. In the Lore case the holding was that by filing a motion to dismiss, the pleader invoked the power of the court to grant relief on other than jurisdictional grounds, and as a consequence submitted himself to the general jurisdiction of the court.

■■ Under the new Rule 12(b) all defenses or objections are presented by motion or pleading. All distinctions, many of them tenuous, between demurrers, motions, exceptions for insufficiency, and pleas, are avoided. Special appearances to challenge jurisdiction over the persons or improper venue are not necessary. In re Rackliffe's Estate, 366 Ill. 22, 7 N.E.2d 754.

■ If the defendant so desires he may present *every* defense or objection that he has in an answer without waiving any rights. An objection that the court has not secured jurisdiction over the defendant may be pleaded in the answer. Oftentimes a defendant might prefer to raise certain objections which he believes will be sustained before resorting to the trouble of pleading an answer. This he may do. Under this Rule 12 (b) he may raise any or all of the following objections which he may have by motion: (1) lack of jurisdiction over the subject-matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted.

■ It has been held that an objection to personal jurisdiction is not waived by joining it with objections to jurisdiction of the subject matter, American-Mexican Claims Bureau, Inc., v. Morgenthau, D. C., 26 F.Supp. 904; Toulmin v. James Mfg. Co., D.C., 27 F.Supp. 512, nor by pleading it in the answer along with defenses to the merits and a counterclaim, Sadler v. Pennsylvania Ref. Co., D. C., W.D.S.C.1940, 33 F.Supp. 414.

In the case of Glazier v. Van Sant, D.C., 33 F.Supp. 113, 115, defendant filed separate motions to dismiss the action on the several grounds of defective service of process and misjoinder of parties. The plaintiff contended that the motion to dismiss upon the ground of a misjoinder of parties subjected defendant to the jurisdiction of the court as being tantamount to an appearance. The court aptly stated the law as follows:

"Formerly it was the law that such a demurrer and appearance would waive jurisdiction over the person and this court has so held. Such ruling, however, was made before the adoption and promulgation of the Rules of Civil Procedure for the District Courts, * * *. Now, by subparagraph (b) of Rule 12 [28 U.S.C.A. fol-

260

lowing section 723c], * * * 'No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.'

"In view of this clear change of the former rule in such cases, the defendants by their motions did not waive their objections, and accordingly the motions to dismiss should be sustained. It will be so ordered."

■ In an action removed from a state to a federal court, an objection to jurisdiction over the person is not waived by answering to the merits. Sadler v. Pennsylvania Refining Co., D.C., 33 F.Supp. 414.

In Devine v. Griffenhagen, D.C., 31 F. Supp. 624, 625, counsel for defendants filed (1) an appearance stating "Kindly enter our appearance for all defendants in the above entitled action," (2) a motion for more particular statement, and (3) a motion to dismiss or to quash return of service of summons upon the ground that personal service was not obtained upon the defendants. The plaintiff contended that by filing the appearance set forth above defendants waived right to object to the jurisdiction of the court over their persons or to the sufficiency of service of process. Justice Hincke, who wrote the opinion, construed the provisions under Rule 12(b) in a comprehensive and enlightening manner. Portions of this opinion are set forth hereunder.

"Prior to the Federal Rules of Civil Procedure, * * * to be sure, the filing by a defendant of a general appearance or of a motion addressed to the merits was treated as a consent to the jurisdiction of the court over the person of such a defendant and as a waiver of his right to object to the sufficiency of process. (Citing cases.)

"But under F.R.C.P., Rule 12(b), it is provided that 'no defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion.' Thus, by express provision of the rule the defendants have not lost their right to press their motion to quash by reason of the fact that they simultaneously filed a motion for a more particular statement.

* * * * * *

" * * * And the objection that a party must at any one moment be *in* court or *out* is at variance with the express provision of 12(b) that a defendant may move to dismiss for 'failure to state a claim' without waiving jurisdictional objections. Indeed, the new rules seem to recognize throughout that consistency in matters of pleading is essential neither to ultimate justice nor expedition in its consummation. And a consistency which is not conducive to these objectives may well be deemed to fall within Emerson's famous aphoriam: 'A foolish consistency is the hobgoblin of little minds.'

* * * * * *

"I rule, therefore, that the defendants' objection to the sufficiency of the service or process has not been waived and the par-

ties may submit either orally or in writing, as they may agree, upon the merits of the pending motions."

For an authoritative dissertation on this rule and analysis of the cases thereunder, see Moore's Federal Practice under the New Federal Rules, chapter 12.

We therefore hold that the ruling in the Lore case, supra, is no longer applicable and has been superseded by the new rules, and that the defendants in the instant case did not submit to the general jurisdiction of the court by moving to have the cause dismissed for lack of jurisdiction over the defendants instead of merely moving to quash the summons and its purported service. This conclusion is warranted by the specific wording of the rule and countless interpretations thereof.

It was the contention of the petitioners below and here in support of their motion that the trial court did not have jurisdiction over the persons of the defendants to render a judgment in personam. The action was not in rem or quasi in rem, no property having been attached, garnisheed, or otherwise taken into possession. The attempted service was by registered mail, under the provisions of A.C.A.1939, sections 21-306, 21-307, and 21-308. Section 21-306, insofar as applicable, provides as follows: "When a party to the action shall, at the time of instituting the action or at any time during its progress, file an affidavit in the action, that the defendant is a non-resident of the state, or that he is ab-

sent from the state, or that he is a transient person, or that his residence is unknown to the party, or is a corporation incorporated under the laws of any other state or foreign country, and doing business in this state, or having property therein, but having no legally appointed and constituted agent in this state, or that such defendant conceals himself to avoid the service of summons, a summons shall be issued as in other cases, and service shall be made by publication * * *."

Section 21-307 reads as follows: "Personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the post-office. The service of the summons shall be deemed complete thirty (30) days after such service."

Section 21-308, in part, reads as follows: "When the residence of a defendant not a resident of the state is known, the plaintiff may deposit a copy of the summons and complaint in the post-office, registering it, directed to the defendant at his place of residence; and on return through the post-office of the registry receipt thereof, shall attach such registry receipt to an affidavit showing that the envelope was addressed to the defendant at his place of residence; that it was registered and mailed; that it contained a copy of the summons and complaint; that the attached registry receipt is the genuine receipt thereof, and the date of the return thereof to the sender, whereupon such affidavit shall be prima facie evi-

dence of personal service of said copy of the summons and complaint, as of the date of the return of the registry receipt to the sender, and shall be of like force and effect as though personally served outside of the state, and such service shall be deemed complete thirty (30) days after the filing of such affidavit and receipt."

Section 21-306, supra, relating to service by publication has heretofore been construed by this court in Southwest Metals Co. v. Snedaker, 59 Ariz. 374, 129 P.2d 314, 319, wherein it is said: "The three essential allegations in an affidavit for service by publication on a nonresident corporation defendant, under the statute above quoted, are (a) that defendant has property in the state; (b) that it has no legally appointed and constituted agent in the state; and (c) a statement either giving the residence of defendant, or stating that it is unknown." (In reaching this conclusion the court, in interpreting section 21-306, quoted certain portions of the section, which were considered applicable. It left out that portion of the rule which authorizes service by publication on a foreign corporation "doing business in this state.")

It is pointed out by petitioners that this court has repeatedly and consistently held that the court of first instance cannot acquire jurisdiction over the persons of nonresident defendants by constructive service, in actions in personam. Our attention is called to the holdings in Hook v. Hoffman, 16 Ariz. 540, 147 P. 722; Porter v. Duke, 34 Ariz. 217, 270 P. 625; Morton v. Pacific Construction Co., 36 Ariz. 97, 283 P. 281; Packard Phoenix Motor Co. v. American-La France & Foamite Corp., 37 Ariz. 35, 288 P. 1024; and Ruby v. United Sugar Companies, S.A., 56 Ariz. 535, 109 P.2d 845. In these cases this court has consistently followed the law enunciated in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. In Ruby v. United Sugar Companies, supra [56 Ariz. 97, 109 P.2d 847], the law thought to be applicable was announced in the following language: " * * * It has been held repeatedly that although no personal service is made upon the defendant within the territorial jurisdiction of the court and he fails to appear or answer, yet constructive service is obtained sufficient to support a judgment to be satisfied out of the specific property within the jurisdiction of the court by proceedings in attachment and garnishment seizing such property, which is followed by service on a nonresident by publication, or otherwise, as provided by the statutes of the local forum. * * *"

At first blush it would appear that petitioners' position is unassailable in that the previous holdings of this court conclusively establish that the court did not have jurisdiction over the persons of the defendants. The Supreme Court of the United States in the recent case of Milliken v. Meyer, 1940, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357, has receded from some of the implications in the case

of Pennoyer v. Neff, supra. In this Milliken case the Supreme Court of Colorado declined to give full faith and credit to a Wyoming judgment. The plaintiff in the Wyoming case secured a judgment in personam against a defendant domiciled in Wyoming but absent from the state at the time of service. The service was accomplished by personally serving the defendant outside of the State of Wyoming. The Wyoming statute provided that service by publication might be had "In actions where the defendant, being a resident of this state, has departed from the county of his residence with the intent to delay or defraud his creditors, or to avoid the service of a summons, or keeps himself concealed with like intent." Wyoming Comp. Stat., 1920, section 5636. Section 5641 of the same code in part provided that: "Personal service out of state. In all cases where service may be made by publication under the provisions of this chapter, personal service of a copy of the summons and the petition in said action may be made out of the state, * * *."

The Supreme Court said [311 U.S. 457, 61 S.Ct. 342]:

"* * * Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service. Substituted service in such cases has been quite uniformly upheld where the absent defendant was served at his usual place of abode in the state (Huntley v. Baker, 33 Hun, N.Y., 578; Hurlbut v. Thomas, 55 Conn. 181, 10 A. 556, 3 Am.St.Rep. 43; Harryman v. Roberts, 52 Md. 64) as well as where he was personally served without the state. In re Hendrickson, 40 S.D. 211, 167 N.W. 172. That such substituted service may be wholly adequate to meet the requirements of due process was recognized by this Court in McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A. 1917F, 458, despite earlier intimations to the contrary. See Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565, [572]; Burdick, Service as a Requirement of Due Process in Actions In Personam, 20 Mich.L.Rev. 422. Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice (McDonald v. Mabee, [243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458], supra) implicit in due process are satisfied. Here there can be no question on that score. Meyer did not merely receive actual notice of the Wyoming proceedings. While outside the state, he was personally served in accordance with a statutory scheme which Wyoming had provided for such occasions. And in our view the machinery employed met all the requirements of due process. Certainly then Meyer's domicile in Wyoming was a

sufficient basis for that extraterritorial service. As in case of the authority. of the United States over its absent citizens (Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375), the authority of a state over one of its citizens is not terminated by the mere fact of his absence from the state. The state which accords him privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties. 'Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable' from the various incidences of state citizenship. See Lawrence v. State Tax Commission, 286 U.S. 276, 279, 52 S.Ct. 556, 557, 76 L.Ed. 1102, [1105,] 87 A.L.R. 374; [People of State of] New York ex rel. Cohn v. Graves, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666, 108 A.L.R. 721. The responsibilities of that citizenship arise out of the relationship to the state which domicile creates. That relationship is not dissolved by mere absence from the state. The attendant duties, like the rights and privileges incident to domicile, are not dependent on continuous presence in the state. One such incident of domicile is amenability to suit within the state even during sojourns without the state, where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him. See [Am.Law Inst.] Restatement, Conflict of Laws, sec. 47, 79; Dodd, Jurisdiction in Personal Actions, 23 Ill.L.Rev. 427. Here such a reasonable method was so provided and so employed. "Reversed."

■ It is now apparent that it is possible to secure a judgment in personam by substituted or constructive service against a domiciliary who is absent from the state provided the method established for service is reasonably calculated to give the defendant notice and is not violative of the due process clause of the Federal Constitution. Amend. 14. The theory permeating Pennoyer v. Neff, supra, and cases following it, is that the court of the forum must have physical power over the defendant in order to enforce its judgment, and that such physical power is a necessary prerequisite to the validity of any judgment in personam. Mr. E. Merrick Dodd, Jr., in an article appearing in volume 23, Illinois Law Review, page 427, et seq., points out that jurisdiction is in fact conceded to exist in many cases in which the actual physical power supporting such jurisdiction is difficult to discern. He points out that many states provide by statute for service at the defendant's last and usual place of abode as a substitute for service on the defendant. We are all acquainted with the fact that such service on persons domiciled and actually resident in the state satisfies the requirements of due process, despite the fact that no physical power is actually asserted by such service. Burdick, Service as a Requirement of Due Process in Ac-

tions In Personam (1922) 20 Mich.Law Rev., 422.

We are of the opinion that the holding in the Milliken case is grounded on sound logic. It seems to us to be absolutely just that a domiciliary should not be allowed to avoid his legal obligations by being able to hide or absent himself from the state so as to avoid service of process. No plaintiff should be compelled to pursue him and litigate in a strange forum where he is not known, where the cause of action did not arise, and where the law of the forum is not applicable to the facts involved in the action. Like reasoning would seem to indicate that a foreign corporation doing business in the state should not be in a position to avoid its obligation arising out of business done here by neglecting to comply with the statutes with reference to qualifying and appointing an agent, or by withdrawing from the state, or absenting itself. In Wells Fargo & Co. of Mexico, S. A., v. McArthur Bros. Merc. Co., 42 Ariz. 405, 26 P.2d 1021, this court confirmed the general rule that a foreign corporation is amenable to the jurisdiction of a state court where it is doing business in the state regardless of the fact that it has no statutory agent.

■ The predicate for securing service on a foreign corporation doing business in this state but having no legally appointed and constituted agent is an affidavit setting up such facts, in which event service may be had by publication. Section 21-306, supra. The rule established in Pennoyer v. Neff, and followed by our cases, is still in effect as to nonresidents where a judgment in personam is contemplated. In an action in rem or quasi in rem, or to determine the status of a resident toward a nonresident, service may be had against a nonresident by publication, section 21-306; by personal service outside the state, section 21-307; or by registered mail, section 21-308. Judgments in personam cannot be secured against an absent resident (domiciliary) other than by publication or personal service outside the state.

■ It occurs to us that a foreign corporation doing business in the state is amenable to the jurisdiction of its courts in causes of action arising out of business done within the state, and this regardless of the fact that it is impossible to secure personal or substituted service within the state upon the corporation, its agents, servants, or employees who are actually carrying on the business. In this respect the foreign corporation doing business within the state is in the same position as a resident who hides or absents himself from the state in order to avoid service of process.

■ Being of this opinion, and in view of the holding in Milliken v. Meyer, supra, we conclude that service of process may be had upon a foreign corporation doing business in this state by constructive service when the statute authorizing the service is strictly complied with. The basis for service on a foreign corporation doing business in this state but having no legally

appointed and constituted agent is not grounded upon the fact that it is a non-resident within the meaning of the rule in section 21-308 authorizing service by registered mail, but rather is bottomed upon the fact that it is a foreign corporation doing business within the state and having no legally appointed and constituted agent within the meaning of the rule in section 21-306. The only possible way to secure service on a foreign corporation, doing business in this state and having no legally appointed and constituted agent, for causes of action arising out of business done within the state is to secure service by publication and mailing (section 21-306), and cannot be secured by registered mail. This determination on our part vitiates and holds for naught the purported claim of service on the corporation. Naturally, if no service was had upon the corporation, the court was without jurisdiction.

■■■ We have repeatedly held that the writ will issue where an inferior court is assuming jurisdiction in a matter over which it has no control, or going beyond its legitimate powers in a matter in which it has jurisdiction. City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385; Van Dyke v. Superior Ct. of Gila County, 24 Ariz. 508, 211 P. 576; Crowned King Min. Co. v. District Court of Fourth Judicial District, 7 Ariz. 263, 265, 64 P. 439; Beach v. Superior Ct. of Apache County, 64 Ariz. 375, 173 P.2d 79; Duncan v. Superior Ct. of Pinal County, 65 Ariz. 193, 177 P.2d 374.

In discussing jurisdiction we have repeatedly said that jurisdiction over a foreign corporation doing business in this state is limited to causes of action arising out of business done within the state. We shall briefly develop the law which we believe to be applicable and which supports these statements. The rule as to the *extent* of the jurisdiction over a foreign corporation doing business in the state is set forth in Am.Law Inst.Restatement, Conflict of Laws, as follows: "Sec. 92. Doing Business. A state can exercise through its courts jurisdiction over a foreign corporation doing business within the state at the time of service of process as to causes of action arising out of the business done within the state."

This rule is a "statement of the general common law of the United States, including in that term not only the law developed solely by judicial decision, but also the law that has grown from the application by the courts of statutes that have been generally enacted and have been in force for many years." Am.Law Inst. Restatement, Conflict of Laws, Introduction, page viii. This restatement of the law has its genesis in such declarations of law as are found in the case of Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492, and old Wayne Mut. Life Ass'n of Indianapolis, Indiana, v. McDonough, 204 U.S. 8, 27 S. Ct. 236, 51 L.Ed. 345. In the Simon case plaintiff secured a judgment in Louisiana against a Virginia corporation doing busi-

267

ness in Louisiana on a cause of action that was based on the alleged negligence of defendant in Alabama. Suit was brought to enjoin the enforcement of the judgment. Service was had upon the Secretary of State of Louisiana who had not been expressly appointed as an agent to receive process, but who was designated by Louisiana statute as a person upon whom service might be made. The court in enjoining the enforcement of the judgment used the following language [236 U.S. 115, 35 S.Ct. 260]:

"Subject to exceptions, not material here, every state has the undoubted right to provide for service of process upon any foreign corporations doing business therein; to require such companies to name agents upon whom service may be made; and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. * * * But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made *relates to business and transactions within the jurisdiction of the state enacting the law.* Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compul-

sory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Mut. Life Association v. McDonough, * * * that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states." (Emphasis supplied.)

Not only must the court have jurisdiction of the person but it also must have jurisdiction of the subject matter of the action. 14a C.J., Corporations, section 4099; 20 C.J.S., Corporations, § 1922. A want of jurisdiction over either the person or the subject matter is always open to inquiry. Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U.S. 287, 11 S.Ct. 92, 34 L.Ed. 670; Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649. The court here had jurisdiction of causes of action arising out of business done within the state. The question then is: Did the alleged cause of action grow out of business done within the state? In addition to the facts heretofore disclosed, the gist of the complaint is that "defendants" entered into a written contract with the plaintiff whereby plaintiff was given the exclusive right to distribute in the Republic of Mexico the products manufactured by defendants; that "defendants" breached the contract by wilfully selling to other corporations and individuals its products for resale in Mexico; that plaintiff was to receive as compensation

an amount equivalent to 40% of the total amount of all sales made into the territory of the Republic of Mexico; that "defendants" had made sales in violation of the contract in the amount of $1,400,000, and the demand for judgment was in the sum of $560,000. The complaint contains no allegation that these sales were made within the state or had any connection with any business done within the state. The alleged agreement is set forth as an exhibit, and by reference is specifically incorporated into the complaint as an intergral part thereof. The evidence taken at the hearing on the motion showed that the contract had been signed in Nogales, Arizona, but the contract specifically provided that it should be construed as having been executed in the State of Minnesota. The contract was executed by the partnership. The allegations that defendant corporation entered into the alleged contract and that it breached the contract were nullified by the testimony of plaintiff given at the hearing on the motion. At that time he testified that he had no contract with the corporation such as he had with the partnership. Presumably the corporation was not in existence at the time the contract was entered into. The complaint does not allege that the partnership was dissolved; it does not allege when or how the corporation was organized; it does not allege that the assets of the partnership were assigned to or acquired by the corporation; nor does it allege that the corporation assumed or became obligated to pay any of the contractual obligations of the partnership. From what appears and what does not appear in the complaint it would seem that this corporation is a stranger to the entire proceeding.

For the foregoing reasons we conclude that the court did not have jurisdiction over the persons or the subject matter, and not having jurisdiction over either, the writ should issue, and it is so ordered.

STANFORD, C. J., and UDALL, J., concur.