**257 P.2d 389**
**KUX v. D. W. ONAN & SONS, Inc.**

**No. 5708.**

Supreme Court of Arizona.

May 25, 1953.

372

Bryce H. Wilson, Tucson, and Pearlson
& Pearlson, Los Angeles, Cal., for appellant.

Arnold T. Smith, Tucson, for appellee.

WINDES, Justice.

In November, 1946, Andrew Kux, appellant herein, filed an action against D. W. Onan & Sons, a partnership and D. W. Onan & Sons, Inc., a foreign corporation, appellee. Substituted service was attempted under the provisions of our statutes relating thereto. The defendants therein, including appellee herein, moved to dismiss the same for lack of jurisdiction, which motion was denied. The matter was brought to this court on petition for writ of prohibition, which prayed that such be issued "prohibiting and restraining him (the judge of the superior court of Santa Cruz County) and said Superior Court from further proceeding in said above entitled action." (Parentheses supplied). The matter was submitted, and this court on March 31, 1947, rendered its decision that the trial court did not have jurisdiction over the persons or the subject matter of the litigation and ordered that the writ issue. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243. The records of this court reflect that this court on the same day by minute entry ordered, "that the peremptory writ prayed for should issue for lack of jurisdiction of the court over the persons or subject matter involved."

Apparently no preliminary writ issued and no formal permanent writ was executed, but we shall approach the problem herein on the assumption that a formal permanent writ did issue prohibiting the court and the judge thereof from further proceeding in the action according to the terms of the prayer of the petition.

On November 28, 1950, more than three and a half years after the decision directing the issuance of the writ, appellant, without the previous knowledge of the judge of the superior court, filed with the clerk thereof an amended complaint, wherein he attempted to cure the jurisdictional defects which prompted the decision in D. W. Onan & Sons v. Superior Court, supra. Appellee moved to dismiss for lack of jurisdiction,

on the ground that a writ of prohibition had theretofore been issued by this court and that the amended complaint was filed without authority and in direct opposition to the writ. The court granted the motion and entered judgment dismissing the amended complaint. The matter is here on an appeal from the judgment of dismissal.

Appellant takes the position that the writ heretofore ordered by us was a limited or conditional writ, and sets out in the abstract of record what purports to be a writ in the form of a minute entry, which states that a peremptory writ of prohibition was issued prohibiting the superior court from proceeding with said action "under the pleadings as they then existed". There is no such record in this court. Perhaps the inclusion of this in the abstract originates from counsel's overenthusiasm and fond wish that the writ had contained the limitation "under the pleadings as they then existed". The writ is unconditional, unlimited and unambiguous. It prohibits the superior court and the judge thereof from further proceeding in the action. The effect of any writ of prohibition on the proceedings to which it is directed is to be determined by a proper interpretation of the terms of the writ. 73 C.J.S., Prohibition, § 42. Cf. State ex rel. Powers v. Rassieur, Mo.Sup., 190 S.W. 915.

In the case of State ex rel. McGee v. Owen, Mo.App., 121 S.W.2d 765, 767, a similar situation arose by the filing of an amended complaint between the time a preliminary writ issued and the decision on the permanency thereof. The amendment, if recognized, would have cut the foundation from under the merits of the petition and caused the quashing of the writ. The court held that the amendment was unauthorized and, ignoring the same, made the writ permanent. In so doing, it said:

"The preliminary writ of prohibition issued by this court on January 9, 1936 required respondent to refrain from all action in the case pending in the circuit court of Jasper County, as against the relators herein, until the further order of this court. This preliminary writ of prohibition clearly became effective on January 11, 1936, when respondent waived formal service and entered his appearance. Under the preliminary writ of prohibition, which we issued, he had no authority to proceed any further in the case pending before him and had no authority to allow the filing of an amended petition therein on January 15, 1936, four days after our preliminary writ of prohibition was presented to him and he had waived formal service thereon and entered his appearance. Therefore, we will not consider the amended petition in passing on the question as to whether or not relators are entitled to a writ of prohibition in this case. * * *"

After the issuance of the permanent writ and while the same was in force, the superior court to which it was directed was

powerless to commit any official act in furtherance of the prosecution of the action. Technically it might be said that the court had no power to dismiss the amended complaint, but we think this order and judgment was not in furtherance of a proceeding in the action, but was an order to prevent further proceeding therein, and the court, being obligated to see that the writ was strictly complied with, had authority to make any order in furtherance of such obligation.

The judgment is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.