99 Ariz. 371 (1965)
409 P.2d 292
SAFEWAY STORES, INC., a corporation doing business in the State of Arizona, and Antonio Carmona and Herlinda Carmona, his wife, Appellants,
v.
Geronimo RAMIREZ and Marie Ramirez, his wife, Appellees.
No. 7619 PR.
Supreme Court of Arizona. En Banc.
December 28, 1965.
*372 Darnell, Holesapple, McFall & Spaid, Tucson, by Richard Briney, for appellants.
John Pintek, Bisbee, for appellees.
McFARLAND, Justice:
Plaintiffs, Geronimo and Marie Ramirez, husband and wife, brought suit against defendants, Safeway Stores, Inc., a corporation doing business in Arizona, and Antonio Carmona and Herlinda Carmona, his wife, for injuries which they alleged Marie Ramirez sustained on October 29, 1960, while she shopped in the produce section of the Safeway store in Douglas, Arizona, when she slipped and fell to the floor causing injuries to herself about the neck, shoulders, and arms. Plaintiffs alleged that the fall occurred because defendants negligently and carelessly caused and permitted the floor  particularly the aisle upon which plaintiff was walking  to be strewn with articles of food and other substances, thereby causing the floor to become slippery and treacherous. Shortly after the accident, the assistant manager made out an accident report which was forwarded to the Phoenix central office.
Plaintiffs, in their complaint, which was filed on January 23, 1961, alleged that the *373 true names of John Doe and Jane Doe, his wife, and Richard Roe and Regina Roe, his wife, were presently unknown to plaintiffs, and that upon ascertainment of such true names "will upon leave granted by this court cause the necessary substitutions to be made."
Plaintiffs further allege in their complaint, naming as defendants Safeway Stores, Inc., a corporation doing business in the State of Arizona; and John Doe and Jane Doe, his wife; and Richard Roe and Regina Roe, his wife, that defendants John Doe I and John Doe II (There is no John Doe II named in the caption of the complaint.) were in the employ of defendant Safeway Stores, Inc., in their respective capacities as manager and clerk, and that they were acting in furtherance of defendant Safeway Stores, Inc., and were conducting themselves within the scope of their employment.
Default was entered against defendants on February 21, 1961, and judgment was filed on February 23, 1961, against defendants in the sum of $15,000 and costs. On March 27, 1961, defendants and each of them filed a motion to set aside the default. The motion was presented on the evidence introduced at the hearing and supporting affidavits of defendants, also on plaintiffs' answer with supporting affidavits. The court denied the motion. From this denial of the motion to set aside the default and to vacate the default judgment, defendants appeal.
The Court of Appeals, Division 2, affirmed the decision of the lower court in refusing to set aside the default and the default judgment. Safeway Stores, Inc., v. Ramirez, 1 Ariz. App. 117, 400 P.2d 125. This court granted defendants' motion for review in order that we might further examine the question of the refusal of the superior court to set aside the default and default judgment as to Antonio Carmona and Herlinda Carmona.
The issues presented by defendants are whether the trial judge committed reversible error in denying their motion to set aside the default and to vacate the default judgment against them, which motion was based upon the following grounds:
(1) The default judgment was entered without personal service of defendants and each of them, and for this reason the service of process was insufficient, as set forth in assignments three, four, and five; and
(2) The default and default judgment were taken against defendants, and each of them, through their mistake, inadvertence, surprise, and excusable neglect, and that there was good cause for setting aside the default and the default judgment, and that there was a meritorious defense to the action, as set forth in assignments of error numbers one and two.
*374 We shall only consider assignments four and five which present the question of whether there was service of process upon defendants Carmona sufficient to give the court jurisdiction over them.
Assignments four and five present the question of whether the proper steps were taken, including service of summons, to give the court jurisdiction over Antonio Carmona and Herlinda Carmona. Rule 10(f), Rules of Civil Procedure, 16 A.R.S., provides:
"10(f) Designation of defendant. When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly."
Plaintiffs in their complaint allege that the Does and Roes are unknown to them. They also state in their complaint that they will comply with the remainder of the provisions of Rule 10(f) wherein they allege "upon ascertainment of such true names will, upon leave granted by this court, cause the necessary substitution to be made." In determining whether the service was sufficient and whether plaintiffs complied with this rule, it is necessary that we examine the facts in regard to service of Antonio Carmona and Herlinda Carmona. Antonio Carmona, in his affidavit in support of his motion to set aside the default and to vacate the default judgment, and in his testimony, stated that the deputy sheriff, C.T. Benson, Sr., first came to the store and attempted to serve him with a copy of the complaint but that he refused to accept the papers, that when the deputy sheriff returned later (which Deputy Benson testified to be January 31st) he did not know whether he should accept the papers, but did accept them. Antonio Carmona testified in regard to what was said at the time of the service by Deputy Benson as follows:
"A Well, he came to the store and he had a summons, some papers in his hands, and he approached me and I wouldn't accept them because they were * * * I didn't feel that I was qualified to accept those papers.
* * * * * *
"Q All right now, at that time, Mr. Carmona, did you read or study or look over any papers that he had with him?
"A I glanced over the papers that he had in his hand.
"Q Did you know what they were or do you know what they were after you glanced over them?
"A I know they're a summons and complaint.
"Q Did he discuss with you who he wanted to serve those papers on?

*375 "A Well, he said that, yes, that they're for Safeway and that's what he said.
"Q After you refused them, then what took place?
"A Well, he left.
"Q Did you then have subsequent or after discussions with him about the same subject?
"A Yes, when he brought them back again. He brought the papers again.
* * * * * *
"Q All right sir, would you state the conversation with Mr. Benson concerning the papers on or about January 27th, 1961, which would have been the second visit with him?
"A Well, he said that he was taking the papers back and that my name and my wife's name had been written on the back of it and now I could accept them. I still didn't know whether I should accept them or not but I took them anyway.
"Q Did he, at that time, discuss with you or you with him, who was being sued in this lawsuit?
"MR. PINTEK: Your Honor, I'm going to * * * no, no objection.
"WITNESS: Well, in generalities we talked about Safeway being sued, yes, and that's about all and nothing was pointed out to me that I was being sued.
"MR. BRINEY: Did he or did he not state to you that you, yourself, were the defendant in the case and that your wife was?
"A No."
The deputy sheriff Benson, in his affidavit, stated that Antonio Carmona did decline to accept the complaint and summons on the 27th of January, but that he left a copy for defendant and did advise Carmona to read the same and to take it home and study it, that he thereafter, on the 31st day of January, 1961, "did return to the store and discuss the matter with Antonio Carmona," and delivered two additional copies of the summons and complaint, at which time he stated that Antonio Carmona said "I know this case. It is a girl that fell on the floor. I'll just send these papers to the head office." Then Benson stated the manager appeared to know what he was doing, and finally advised him that he could do with them as he wanted. There is a conflict in the testimony of Antonio Carmona and the affidavit of Benson in that Carmona testified that he did not receive a copy on the first visit, and Benson stated that he would not accept service, but he left a copy with him. At no place does it appear  either from the testimony or affidavit of Antonio Carmona or the affidavit of the deputy sheriff that Carmona was advised that he and/or his wife were defendants in the case, and that they were *376 being personally served as defendants. Mention is made by plaintiffs in their brief of the names written on one of the copies of the summons which was admitted in evidence as having been served on Carmona. This reads as follows:

*377 However, the return of service made January 31st by deputy Benson was as follows:

The affidavit on default and non-military service made by Geronimo Ramirez does not name Antonio Carmona and Herlinda Carmona, but states that "as is shown by the files herein service was made on the above named defendants on the 31st day of January 1961, in Cochise County Arizona."
Defendants named in the caption of the affidavit were Safeway Stores, Inc., a corporation, doing business in the State of Arizona; and John Doe and Jane Doe, his wife, and Richard Roe and Regina Roe, his wife. The names of Antonio Carmona and Herlinda Carmona do not appear in the default entered by the clerk of the court of Cochise County. The caption names the defendants as "Safeway Stores, Inc., et al," and the body of the default names defendants in the *378 same manner as in the caption. The default states "and the time allowed by law for answering having expired, the default of said defendant in the premises is hereby duly entered according to law." The minute entry for the default judgment refers to "the defendant" in the singular, as follows:
"* * * It appearing that the defendant has been duly served with summons; has failed to answer; and the default of said defendant having been entered, the trial proceeded."
The names of the Carmonas are not contained in the caption of the default judgment, but in the recital in regard to default it states "* * * and of Antonio Carmona, manager, and Herlinda Carmona, his wife, his wife [sic] * * *." Then, in ordering the judgment it appears "* * * against said defendants, Antonio Carmona and Herlinda Carmona, his wife, * * *" without the title of "manager."
Under Rule 10(f), Rules of Civil Procedure, which provides that defendants may be designated in proceedings by fictitious names, it is also provided that when the true name is discovered the pleading or proceeding may be amended accordingly.
For the court to have personal jurisdiction over a defendant designated under a fictitious name, it is essential that any party being served must clearly be given notice that he is being served as a defendant in the case, and is being served in place of a defendant designated under a fictitious name, and if the facts do not so show then the service is fatally defective. Shields v. Heinold, 253 Iowa 898, 114 N.W.2d 302.
It will be noted that the return of the service made by the deputy sheriff in the instant case, the record, the affidavits, and the testimony do not plainly show that Antonio Carmona was informed  either in writing or otherwise  that he was being personally served as a defendant in the case. The record indicates the contrary, because the return of the service says "Antonio Carmona, Manager," which should have indicated to the court that Carmona had been served in his representative capacity under Rule 4(d) 6 rather than individually. Carmona testified that this was his understanding, and it was not refuted by testimony or affidavit of deputy sheriff Benson, as Benson merely stated that he did advise Carmona to read the same and take it home and study it. Carmona told the deputy sheriff that he would send it to the "central office," which  of itself  indicated that he was of the opinion that he was being served only in a representative capacity, and is evidence that he was not given notice that he was being served personally as a defendant. Furthermore, the copy of the summons received does not clearly state or put Carmona on notice that he was being sued personally, in that it does not state that he was being served as one of the John Does, but states that *379 Safeway Stores, Inc., was being personally served. While the copy of the return of service states that it was "personally served on Safeway Stores corporation, defendants named in said summons by delivering to each said defendant hereinafter named, personally * * *" without the substitution of the Carmonas in place of the Does or Roes, they were not put on notice that they were defendants or that they were served as defendants, because the summons itself is directed "to the above-named defendants Safeway Stores, Inc., A Corporation, doing business in the State of Arizona; and John Doe and Jane Doe, his wife, and Richard Roe and Regina Roe, his wife." As stated in 42 Am.Jur. § 117:
"* * * It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served. * * *" 42 Am.Jur. at 104
The face of the summons names the defendants in a case, so, to give notice to a person being served, his name would have to be substituted on the face of the summons in lieu of one of the fictitious defendants.
The object of the service and notice is set forth in 42 Am.Jur. § 3 and § 16, as follows:
"§ 3. Object of Service of Process; Notice to Party.  The principal object or purpose of original process is to give to the party to whom it is addressed notice of the proceeding against him; it is the means by which he is afforded opportunity to appear before and to be heard by the court in the defense of his person, property, and rights, and thereby have them safeguarded. Service of process is for the purpose of notifying a defendant of the claim or charge against him so that he may properly prepare himself to answer it. It is this notice which gives the court jurisdiction to proceed. To say that process confers jurisdiction means that it empowers the court to exercise authority derived from law.
* * * * * *
"§ 16. Designation of Parties.  * *
"Where the true name of a defendant is unknown when suit is instituted, it is not improper to bring suit against him in the name of John Doe, and, when service is made, to have the sheriff add the true name after an alias. * * *" 42 Am.Jur. at 6 and 18
The true name was not inserted after an alias in the instant case. It is not enough merely to serve a person with a process unless it is made known to him that he is a defendant and is being served in the place of one of the fictitious persons.
We therefore hold that the service of the summons was ineffective and insufficient *380 to give the court jurisdiction over the person of defendant Antonio Carmona.
The method for personal service is provided in Rule 4(d), Rules of Civil Procedure:
"4(d) Summons; service; minors; nonresident minors. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
"1. Upon an individual other than those specified in paragraphs 2, 3, 4, and 5 of this subdivision of this Rule, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."
Clearly this procedure was not followed in the instant case in regard to the service on Herlinda Carmona. She was never personally delivered a copy of the summons and the complaint, nor was a copy left for her at her dwelling house or place of abode, nor does the evidence show that she ever saw a copy of the summons and complaint or had knowledge of the suit prior to the judgment. Plaintiff claims that no issue was made as to whether copies of the summons and complaint had been left at the home of Mrs. Carmona, or whether she was served personally. We do not agree with this contention. One of the grounds for the motion to set aside the default and to vacate the default judgment was that the default and judgment "were entered without personal jurisdiction over the defendants and each of them, the service of process was insufficient, * *." She not having been served personally, we hold the court did not have jurisdiction over Herlinda Carmona personally. McDonnell v. Southern Pac. Co., 79 Ariz. 10, 281 P.2d 792; Lore v. Citizens Bank of Winslow, 51 Ariz. 191, 75 P.2d 371; Blair v. Blair, 48 Ariz. 501, 62 P.2d 1321; Moore's Fed.Pract., 2d ed., Vol. 2, § 4.02 [3] n. 17 through n. 21.
Having found that the court did not have personal jurisdiction over the Carmonas, it is not necessary for us to pass upon the question of whether the court actually made a substitution of parties as provided for in Rule 10(f) before or at the time judgment was entered.
The judgment of the lower court is hereby affirmed as to the denial of the motion to set aside the default and vacate the default judgment against defendant Safeway Stores, Inc.; and reversed as to the denial of the motion to set aside the default and vacate the default judgment *381 against Antonio Carmona and Herlinda Carmona, defendants; and the lower court is hereby ordered to set aside the default and default judgment against defendants Carmona.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and UDALL, JJ., concur.