ACHESON-HARDER CO. v. WESTERN WHOLESALE NOTIONS CO. (WRIGHT, Garnishee).

No. 4641. Decided August 2, 1928. (269 P. 1032.)

324

*Herbert Van Dam, Jr.,* of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

HANSEN, J.

On May 20, 1926, the plaintiff brought an action against the defendant by filing complaint in the third district court of Salt Lake county, Utah. The action was for goods, wares and merchandise alleged to have been sold and delivered to the defendant by the plaintiff. On the same day, May 20, 1926, a writ of garnishment was issued by the clerk of the third district court of Salt Lake county. The writ of garnishment was forthwith served upon Walter Wright. The writ so issued and served, omitting the title of the court and cause, reads as follows:

"The State of Utah to Walter Wright, Garnishee: You are hereby notified that you are attached as garnishee in the above-entitled action, and you are commanded not to pay any debt due or to become due, from yourself to the said Western Wholesale Notions Company, * * * and that you must retain possession and control of all personal property, effects, and choses in action of said Western Wholesale Notions Company. * *, * in order that the same may be dealt with according to law. You are required to answer the interrogatories attached hereto within 10 days from the date of the service of this writ upon you, if you are served in the county in which said action is brought; otherwise within 20 days from the date of such service. In case of your failure within the time aforesaid, the plaintiff may apply to the court for relief against you.

"Given under my hand and seal of said court this 20th day of May, A. D. 1926. Clarence Cowan, Clerk of Salt Lake County, Utah, by W. C. Tanner, Deputy.

"First—Are you in any manner indebted to the defendants, * * * either in property or money, and is the same now due? If not due, when is the same to become due? State fully particulars.

"Answer:——————.

"Second—Have you in your possession, in your charge, or under your control, any property, effects, goods, chattels, rights, credits, or choses in action of said defendant, * * * or in which he [it] is interested? If so, state what is the value of the same, and state fully all particulars.

"Answer:——————.

"Third—Do you know of any debts owing to the said defendant, whether due or not due, or any property, effects, goods, chattels, rights, credits, or choses in action, belonging to him [it], or in which he [it] is interested, and now in the possession or under the control of others? If so, state the particulars.

"Answer:——————."

On May 24, 1926, the garnishee, Walter Wright, made return on the writ and answered the interrogatories attached thereto in manner following:

"1. That I am not indebted to the defendant in any manner whatever at this time, but I am collecting accounts for the firm, and undoubtedly will have considerable funds in my hands within the next few days.

"2. In answer to question No. 2, actually I should say no, although the firm has agreed to place under my control all of their assets, including merchandise, fixtures, and accounts receivable, of the approximate value of $5,000.00. Accounts of approximately $1,500.00 are placed with me for collection.

"3. In answer to No. 3, part of the assets as referred to in answer to No. 2 consists of accounts receivable, a detailed statement of which can be furnished, if necessary."

On June 16, 1926, the defendant entered a general appearance in the action and waived time in which to plead. On February 28, 1927, judgment was entered in favor of plaintiff and against the defendant, for the sum of $337.95 and $17.70 costs. On March 11, 1927, the garnishee made the following supplemental answer:

"In the case of Acheson-Harder Company, a corporation, v. Western Wholesale Notions Company, a corporation, under date of——————, the undersigned, as garnishee in the above-entitled case, filed an answer to the garnishment served on it [him] and now submits a supplemental answer thereto as follows, to wit:

"Answering question No. 2 of said garnishment, the garnishee had no property whatever of the defendant in its [his] possession, and yet it [he] rather controlled or had charge of certain assets of the defendant company from which it [he] realized and now holds the sum of $250.00 cash."

On March 19, 1927, a garnishee judgment was rendered against Walter Wright for the sum of $250. The only writ of garnishment served on the garnishee was the one served May 20, 1926. The garnishee, Walter Wright, prosecutes this appeal from the judgment rendered against him.

The sole question presented for determination is whether the answers and supplemental answer of the garnishee are sufficient to support the judgment against him. It will be observed that the answers of the appellant garnishee are somewhat uncertain. The purport of the language used in the answers, however, indicates that, when the writ was served and the original answer made, the defendant Western Wholesale Notions Company had placed with the garnishee, for collection, accounts receivable in the sum of $1,500; that the defendant had also agreed to place under the control of the garnishee other assets, including merchandise, fixtures, and other accounts receivable; that when the supplemental answer was made March 11, 1927, the garnishee had collected $250 of the accounts placed with him for collection. Thus construing the language of the garnishee, we are of the opinion that the answers do not support the judgment.

By the great weight of authority the liability of the garnishee is limited to the property of the defendant in the possession or under the control of the garnishee, and the indebtedness of the garnishee to the defendant at the time

the writ of garnishment is served. The writ does not render the garnishee liable for property coming into his possession, or indebtedness incurred after the writ has been served. Rood on Garnishments, § 49, p. 67; 28 C. J. § 339, p. 244; Shinn on Attachment and Garnishment, vol. 2, § 48, p. 847. Cases supporting the texts are collected in footnotes to the texts. Under some statutes the garnishee is held liable for all debts owing to the defendant by the garnishee, and all of defendant's property in the possession of the garnishee at any time from the service of the writ up to the time of answer, or the time of trial, or the entry of judgment. The cases so holding will be found collected in a footnote to the text in Rood on Garnishment, § 49, p. 67, and 28 C. J. § 339, pp. 244 and 245. At the time the writ was served upon the garnishee in this action, the law of this state applicable to garnishments, so far as material here, is contained in Laws Utah 1925, c. 106. It is there provided:

"The plaintiff may obtain a writ of garnishment by making and filing with the justice of the peace in a justice court or with the clerk of the court in which said action was brought an affidavit stating that he has good reason to believe and does believe that any certain person, firm or corporation, private or public, has property, money, goods, chattels, credits or effects in his or its hands or under his or its control belonging to the defendant or defendants, or any or either of them, or that such person or persons, firm or corporation is indebted to the defendant; that the defendant is indebted to him or it on such contract, judgment or decree, sued upon, and that he is justly apprehensive of the loss of the same unless writ of garnishment issue. The garnishee thereupon is liable to the plaintiff from the time of the service of such writ to the amount of the aforesaid property or indebtedness belonging or due to the defendant and shall make answer to the writ as provided by law. * * *"

It will be observed that there is nothing in the law above quoted indicative of any legislative intent that a garnishee is liable for any property coming into his possession or debt contracted after the writ of garnishment is served upon him. We are therefore of the opinion, and so hold, that the service of the writ of garnishment rendered the garnishee liable for

only such property, money, goods, chattels, credits or effects of the defendant as were in the possession or control of the garnishee and such indebtedness of the garnishee in favor of the defendant as exists when the writ was served. The indebtedness, however, need not be due when the writ is served. *Giesy-Walker Co.* v. *Briggs* (Intermountain Realty Co., Garnishee) 49 Utah, 205, 162 P. 876.

It is one of the cardinal principles of the law of garnishment that the garnishee is under no greater liability to the plaintiff in whose behalf the writ of garnishment is issued than such garnishee was under to the defendant immediately before the writ was served. The liability of the garnishee to account to the defendant for property or indebtedness must be absolute, in order that such property or indebtedness is garnishable. Shinn on Attachment and Garnishment, vol. 2, § 643, p. 1059. A fortiori it follows that accounts placed in the hands of the garnishee for collection, but not collected, cannot be reached by the service of a writ of garnishment upon the person having such accounts in his hands for collection. To reach such assets of the defendant, the one indebted to the defendant must be served with the writ. Rood on Garnishment, § 167, p. 202; 28 C. J. § 201, p. 160.

From what has been said, it follows that the judgment should be reversed. Such is the order. In view of the ambiguity of the supplemental answer of the garnishee in stating that he "rather controlled or had charge of certain assets of the defendant company, from which it [he] realized and now holds the sum of $250.00, cash," the plaintiff should be permitted to take further proceedings, if it so desires, to ascertain definitely the nature of the assets that the garnishee "rather controlled or had charge of" when the writ was served.

Appellant is awarded his costs on appeal.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.