No. 17,007.

KELLNER ET AL. *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER ET AL.

(256 P. [2d] 887)

Decided February 16, 1953. Rehearing denied May 4, 1953.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for petitioners.

Messrs. HOLME, ROBERTS, MORE & KEEGAN, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON a complaint — lacking in some particulars — in which plaintiffs seek relief in the nature of prohibition, directed toward respondent district court and the judge thereof, and alleging that the inferior tribunal was about to proceed without, or in excess of, its jurisdiction, our rule to show cause was issued January 9, 1953. Answer and response thereto and a reply having been filed, the issue is thus made.

The contention centered around the validity of process served upon defendants in an action in fraud and rescission of contract or for damages. Defendants, formerly of Denver, and now residing in Ventura, California, were served with summons in California under Rule 4 (f) (1) R.C.P. Colo., which is as follows: "Personal Service outside the State. Personal service outside the state may be made: In any action, upon a natural person over the age of eighteen years who is a resident of this state by delivering a copy of the process, together with a copy of the pleading upon which it was issued, to the person served." By special appearance defendants filed a motion, supported by affidavits, to quash this service generally on the ground **that they** are no longer residents of Colorado, but are in fact residents of the State of California. After argument, this motion was denied and defendants ordered

to answer within the designated period. This original proceeding in the nature of prohibition was immediately commenced.

It is contended by attorneys for respondents that this court is without jurisdiction to entertain this proceeding because our jurisdiction is limited by our Constitution and rules of civil procedure. It is contended that our original jurisdiction attaches only in certain specific matters enumerated and in cases involving matters of great public importance; further contention is made that the complaint herein does not allege that the matter is of great public importance; respondents insist that this is a matter of litigation between private parties, in which the public is in no way involved; that our jurisdiction in such cases is appellate only; and that this court should not take original jurisdiction when there is a plain, adequate and speedy remedy at law.

■■ As to the question of what is of "great public importance," sole determination in all cases, according to the peculiar features of each, is within the province of this court. In some cases there may be an adequate remedy at law, but not speedy. In some instances, and we believe applicable here, it is apparent on the face of the pleadings and record before us, that we could not affirm any judgment returned against defendants herein due to the invalidity of the service of process and the lack of jurisdiction over the persons that would follow, therefore this court is committed to the proposition than an order in the nature of a writ of prohibition, in such cases, should be entertained. We are well aware of the provisions of Rules 106 and 116 of our Rules of Civil Procedure, and the uncertainty and inconsistencies existing, especially in the interpretation thereof. Rule 116 provides inter alia, that, when a court "is otherwise proceeding without or in excess of jurisdiction" that fact will not be regarded as sufficient to invoke the original jurisdiction of this court; it further provides that this court in such matters is governed by

these rules, subject, however, to our power to prescribe different procedure.

Rule 106 (4) provides that in cases where the inferior tribunal has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy at law, then this court may direct citation to such tribunal to show cause why it should not be prohibited from proceeding further, and our review is extended no further than to determine whether or not jurisdiction has been exceeded or discretion abused. By these rules, in one breath our jurisdiction in original matters is curtailed, and in the next breath, according to our discretion and determination, the limitations are removed.

Since it will be apparent from the discussion of the facts in this case, that the trial court has no jurisdiction over the person of defendants, we adhere to, and further emphasize, the statements in *Carlson v. District Court*, 116 Colo. 330, 180 P. (2d) 525, " \* \* \* no question of greater 'public importance' can arise than one in which a court is proceeding without jurisdiction of the person or subject matter." In the interest of justice, we consider it as much our duty, when our superintending control of inferior tribunals is invoked, to keep such tribunals within their jurisdiction, as it is to correct errors of such tribunals exercising proper jurisdiction.

The entire question here is to be resolved upon the question of "residence" as used in our statutes and rules of procedure. Our rule relating to personal service outside the state, supra, is confined to the question of who is, or who is not, a resident of the State of Colorado. It is argued here that this matter was determined by the lower court upon a controverted set of facts, which precludes this court from interference. We do not accept or agree with this contention, because, as we are able to read the entire record herein, there is no controversy as to the facts, the facts being established

solely by the affidavits and depositions of defendants.

Summarized, we have the following factual situation: Plaintiffs in error, who have been referred to as defendants, constructed a dwelling at 3401 South Birch street, Denver, and lived therein for some considerable length of time before selling the premises to plaintiffs on April 3, 1951. Plaintiffs lived in the premises for a little over one year before making any demand for rescission of the sale on April 24, 1952. In the early part of May, 1952, this action was instituted by the filing of the complaint and issuance of summons. Plaintiffs in the complaint, lengthy and detailed, set out many defects in the dwelling of which it is alleged that defendants well knew, but fraudulently conspired to conceal from plaintiffs and offered the premises for sale greatly in excess of its actual value, and due to the fraud and deception, plaintiffs ask rescission of the sale and the return of $39,000.00, the purchase price, or damages therefor. There is no occasion to detail the allegations concerning the defects and the fraud and misrepresentations or concealment, because the truth or falsity of the allegations has not been tested and is not involved at this stage of the proceeding. The summons above mentioned was served on a daughter of defendants, over the age of eighteen years, who resided at 1600 South Sherman street, Denver, as being the usual place of abode of defendants. The record discloses that defendants never resided or lived at 1600 South Sherman street at any time and the only connection they had with that address was in the fact that when they sold their home at 3401 South Birch street, which is here involved, they caused their telephone number to be transferred to their daughter, who desired to have a telephone and was unable at that time to have one installed.

A motion to quash this service was promptly filed by attorneys for defendants and was supported by affidavits. The motion and affidavits were in denial of

the validity of the service because 1600 South Sherman street was not their residence or place of abode, but they were in fact residents of, and then residing in, Ventura, California. Plaintiffs' counsel having this information, caused an alias summons to be personally served on defendants in California. Immediately following this second service, motion to quash, supported by the required affidavits, was timely filed. The trial court considered the two motions and found that the service on defendants at 1600 South Sherman street in Denver, Colorado, was insufficient because it was not their usual place of abode; the court considered the affidavits and depositions of defendants which had been taken in California, and upon such consideration, determined that the service and process as made in California was valid as being made upon residents of Colorado, and entered an order directing defendants to answer the complaint within a specified time.

The uncontroverted facts concerning the residence of defendants are, briefly, that defendants have not been in Colorado for a period of approximately eighteen months; that after selling their home, the premises involved in this action, they had no place of residence in Colorado; that due to a heart condition requiring residence at sea level, as advised by their physician, they left Colorado in September of 1951, and unequivocally stated they had no intention of returning to Colorado, but with the absolute intention of establishing a residence at a low altitude, which was necessary for the health of one of the defendants; that, after some traveling around, they did find that Ventura, California, was suitable to their requirements and while living in an automobile trailer, settled at Ventura, where Mr. Kellner, one of the defendants, obtained employment at a neighboring town; that defendants have not returned to Colorado since September 10, 1951; that Mr. Kellner secured work in February of 1952; that on March 6, 1952, defendants purchased California automobile license

tags and secured California operator's licenses; in March of 1952, defendants registered to vote in California; that defendants had no place of abode, domicile, or residence in Colorado since April 3, 1951; that defendants had lived in Ventura, California, four months prior to May 16, 1952, the date of the institution of this action; that defendants have purchased lots on which to erect a permanent home in Ventura and have a telephone in their name at Ventura.

■ When the question of Colorado residence was raised by the affidavits and motion to quash, and a denial of Colorado residence was prima facie made, the burden of establishing, or proving, that defendants were in fact residents of Colorado, was upon plaintiffs, which burden they failed to meet.

■ The domicile or residence as used in our statutes and rules of civil procedure, in a legal sense, is determined by the intention of the parties. While intention seems to be the controlling element, it is not always conclusive unless the intention is fortified by some act or acts in support thereof. Here we have the uncontroverted statements of defendants of their intention to abandon any residence in Colorado, and this is supported by some very pertinent acts on their part, particularly in the matter of registration for voting in California prior to the time of the commencement of this action and several months prior to the service of the summons. Deering's California Codes, Elections, sections 120, 139 and 230, are as follows:

"Sec. 120. Affidavit of Registration: Making and Contents. No person shall be registered as a voter except by affidavit of registration. The affidavit shall be made before the county clerk and shall set forth all of the facts required to be shown by this chapter.

\* \* \*

"Sec. 139. Unlawful Registration as Crime. Every person who wilfully causes, procures, or allows himself or any other person to be registered as a voter, know-

ing himself or that other person not to be entitled to registration, is punishable by imprisonment in the State prison for not less than one nor more than three years.

\* \* \*

"Sec. 230. Subject to the provisions of this chapter, the body of the affidavit of registration shall be substantially in the following form:

\* \* \*

"State of California       )
                          ) ss.
(........................) county of )

"The undersigned affiant, being duly sworn, says: I will be at least twenty-one years of age at the time of the next succeeding election, a citizen of the United States ninety days prior thereto, and a resident of the State one year, of the county ninety days, and of the precinct forty days next preceding such election, and will be an elector of this county at the next succeeding election. \* \* \*."

█ It cannot be assumed that defendants would subject themselves to the penalties for false registration. This, coupled with the fact that one of the defendants, Mr. Kellner, is gainfully employed and that they have done the things that would definitely point toward the establishment of a permanent residence. Residence as contemplated in this action may commence, in another state, before a definite county or precinct is fixed for a permanent residence. *Kellogg v. Hickman*, 12 Colo. 256, 21 Pac. 325.

█ Counsel for respondents contend that the issue of domicile is "a compound question of fact and intention." We believe this is a fair statement; however, respondents have in no way counteracted the declared intention of defendants, which, in the last analysis, if shown to be bona fide and supported by reasonable facts, is controlling. Nothing presents itself here that would deprive defendants of the full effect of their acts

and declarations of intentions. It could not be said that after registration in California and the declarations of defendants to that end, that they could legally vote in Colorado. This act of registration occurred before the commencement of this action or the service of process thereunder. A change of voting place surely is compelling evidence of the intention of making a change of residence. Our election laws provide, "If a person remove to any other state * * * with the intention of making it his permanent residence, he shall be considered and held to have lost his residence in this state." Section 213, chapter 59, '35 C.S.A. Who is in position here to question the intention of defendants?

It clearly appears that the trial court was in error in denying the motion to quash the service of the summons made in California, and therefore was wholly without jurisdiction over the person of defendants. For the reasons herein stated, the rule to show cause herein is made absolute.