No. 17,938.

GEORGE TREADWELL, JR. *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.

(297 P. [2d] 891)

Decided May 21, 1956.   Rehearing denied June 18, 1956.

Messrs. SHELDON & NORDMARK, for petitioners.

Mr. DON D. BOWMAN, Mr. EDWARD J. BYRNE, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PETITIONER herein, while a resident of the City and County of Denver, was involved in an automobile accident on December 1, 1953, with respondent Ina C. Mason. Long after the accident, petitioner left Denver and located in Houston, Texas, where he has continuously resided. February 4, 1955, respondent filed a complaint presumably for damages resulting from the automobile accident and substituted service was attempted through the secretary of state about May 11, 1955, and petitioner received notice by registered mail at Houston, Texas.

June 3, 1955, petitioner entered a special appearance through his attorney and moved to quash the service of summons. While the record of the trial court is not before us, we assume that the basis of this motion was the challenge of the court's jurisdiction over the person of

petitioner. The attorney who made this special appearance and filed this motion is, so far as the record shows, still attorney of record for petitioner; however, on July 19, 1955, counsel who filed this original proceeding in this court entered their general appearance in the trial court and on that date argued the motion to quash. The matter was continued to September 12. After the hearing on July 19, present counsel for plaintiff, who is now respondent, advised counsel that their general appearance waived the motion to quash. Thereupon, present counsel, by motion and affidavit, requested the trial court to allow them to withdraw the general appearance and that such appearance be considered special for the purpose of the argument of the motion to quash. The motion to withdraw general appearance was denied on December 20, 1955. Counsel then again moved to quash the service of process, and requested the court to rule on the original motion to quash, notwithstanding the general appearance made by them. March 6, 1956, the motion to quash was denied and the trial court ruled that the entry of a general appearance was a waiver of the motion and directed that petitioner have ten days to consider or twenty days to answer the complaint.

Counsel, contending that they have no speedy or adequate remedy, by writ of error or otherwise, and that the district court, even though it was without jurisdiction of the person in this case, having ordered petitioner to proceed to trial on the merits, petitioned this court for rule to show cause why a writ of prohibition should not issue. The rule issued and return has been made.

██ This case seems to squarely present a convenient opportunity to dispose of the old abracadabra about "general" and "special" appearances. Defendant's only pleading before the court was and is the motion to quash for want of jurisdiction of the person. It is contended that when the present acting counsel filed their written general appearance defendant waived the motion to quash, in that it was a waiver of any defect in the

service of process. Prior to the adoption of Rule 12 (b) of our rules of civil procedure there seemed to be some confusion, and possibly a distinction between special and general appearance was made; however, in the above cited rule there is no provision for a "special" appearance. If a motion to quash for lack of jurisdiction of a person is made before answer, then the jurisdiction of the court over the person is properly raised and stands in question until the motion is disposed of. If the defendant answers as to the merits of the allegations of the complaint without embodying the motion to quash, then the jurisdictional question is thereby waived. The rule is almost identical with the federal rule of procedure and the federal cases seem to hold that a party may appear generally and still raise objections to jurisdiction of the person. Such a motion, of course, must be filed in apt time, and the question cannot be raised after answers and other motions as to the merits have been filed. It cannot be contended that the written general appearance of counsel in the case is a defense; it cannot be considered as a pleading; and it neither adds to nor detracts from the motion to quash, which was the only plea before the court.

It is asserted by defendant respondent that this original proceeding is improper because petitioner has an adequate remedy at law, and further, that this matter is not of such great public importance as to invoke the issuance of a writ of prohibition. This court said in *Kellner v. District Court,* 127 Colo. 320, 256 P. (2d) 887, that nothing is of greater importance to a litigant than that of whether a court is proceeding without jurisdiction of the person or subject matter. If petitioner's complaint here is denied and defendant compelled to answer and try the case on the merits, then the waiver of jurisdiction would be accomplished and this court might be called upon by writ of error to review a judgment of a court that had no jurisdiction of the person.

In this case defendant lost nothing by counsel

having filed a general appearance when the motion to quash summons was pending before the court. Jurisdiction of the court having been brought into question, it was imperative that it be determined before proceeding on the merits.

For the reasons herein indicated the rule to show cause is made absolute.