No. 22200.

FRED L. SMARDO *v.* RUTH M. HUISENGA, ET AL.

(412 P.2d 431)

Decided March 28, 1966.

RECTOR and KANE, JERRY ALAN DONLEY, for plaintiff in error.

ASHER and KRAEMER, for defendants in error.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

THIS case is before the court on a "Motion to Dismiss Writ of Error." The parties appear in reverse order of their appearance in the trial court and will be referred to as they there appeared.

The briefs disclose that on December 20, 1965, the trial court denied defendant's motion to quash service of process. On February 3, 1966, writ of error issued on application of the defendant. The plaintiffs subsequently filed their motion to dismiss the writ of error, accompanied by a memorandum brief, and the defendant filed his brief in opposition to the plaintiffs' motion to dismiss.

Plaintiffs *contend* that the order of the trial court is not a final judgment or order reviewable by writ of error under the provisions of Rule 111(a), R.C.P. Colo., and that defendant's sole remedy is relief in the nature of prohibition under Rule 116, R.C.P. Colo. The latter

rule provides that upon proper showing this court may exercise its original jurisdiction, but that relief in the nature of prohibition will not be granted except in matters of great public importance. In *Kellner v. District Court,* 127 Colo. 320, 256 P.2d 887, we held that a case in which a court is proceeding without jurisdiction of the persons or the subject matter, as here claimed, involves a matter of great public importance within the meaning of the rule.

■ Defendant argues that the case of *Wells Aircraft Parts Company v. Allan J. Kayser Company,* 118 Colo. 197, 194 P.2d 326, is controlling. He relies upon the following statement contained in that case: "This ruling, denying defendant's motion to quash, would seem to be an appealable order." Subsequent cases, however, indicate that relief in the nature of prohibition is the proper remedy under Rule 116; particularly, where it is claimed, as here, that the trial court was proceeding without or in excess of its jurisdiction. *Kellner v. District Court, supra; Treadwell v. District Court,* 133 Colo. 520, 297 P.2d 891. We now hold that the language in *Wells Aircraft Parts Company v. Allan J. Kayser Company, supra,* is no longer applicable in this state.

Plaintiffs contend that to hold that an order denying such a motion to quash to be subject to review by writ of error would open the door to writs of error on any and all trial court orders relative to an affirmative defense. With this contention we are inclined to agree.

The jurisdictional question has not been raised in the trial court, except for the motion referred to. No answer or other pleadings have been filed raising the question.

The Writ of Error is dismissed.

MR. JUSTICE MOORE not participating.