427 P.2d 390

**Shirlee M. HOUSLEY and Reese C. Housley, Plaintiffs and Appellants,**

**v.**

**The ANACONDA COMPANY, a corporation, and Dennis P. Cox, Defendants,**

**and**

**The Travelers Insurance Company, a corporation, Garnishee-Respondents.**

**No. 10612.**

Supreme Court of Utah.

May 2, 1967.

---

5. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.

Glen E. Fuller and Wilford A. Beesley, Salt Lake City, for appellants.

Ray, Quinney & Nebeker, Stephen B. Nebeker, Salt Lake City, for respondents.

TUCKETT, Justice.

On January 5, 1959, in Salt Lake City, the defendant Cox, while driving a motor vehicle owned by The Anaconda Company, drove into the rear of an automobile being driven by the plaintiff Shirlee H. Housley, and owned by the plaintiff Reese C. Housley. Shirlee M. Housley suffered various personal injuries for which she seeks to recover damages. The automobile owned by Reese C. Housley was damaged and he seeks to recover therefor. Shortly after the accident Cox departed the State of Utah and has not returned.

The court below made various orders in the matter adverse to the plaintiff from which they appeal to this court.

The plaintiffs filed their complaint and caused a summons to be served upon The Anaconda Company. Inasmuch as the defendant Cox had left the State of Utah personal service could not be had upon him. At a later time and pursuant to notice, the plaintiffs moved the court for permission to file an amended complaint wherein they alleged in a separate count a cause of action sounding in rem against the defendant Cox. Counsel for Cox appeared specially and objected to the court permitting the proposed amendment but the amendment was allowed. Thereafter the plaintiffs caused a summons to be served upon Cox in the State of Maryland and caused a writ of garnishment to be served upon The Travelers Insurance Company, the insurer of the vehicle involved in the collision. Subsequently counsel for the defendant appeared before another division of the court and moved for an order quashing the summons served upon him, which motion was granted. After a pretrial was had defining the issues between the plaintiffs and the defendant The Anaconda Company, the latter moved the court for a summary judgment based upon the ground that Cox at the time of the collision and the injuries herein complained of was not acting

within the scope of his employment with Anaconda.

The plaintiffs urge that the court below committed error in the following particulars:

1. In ruling that the defendant Cox did not make a general appearance when he appeared to object to the granting of the plaintiffs' motion to amend their complaint.

2. In quashing the service of summons made upon the defendant Cox in the State of Maryland.

3. The granting of a summary judgment in favor of the defendant The Anaconda Company.

■ The errors complained of will be discussed in the order set forth above. As to No. 1, the court found that at the time of the hearing on plaintiffs' motion for permission to amend their complaint that counsel for the defendant Cox did in fact appear specially for that purpose and to object to the jurisdiction of the court. We are of the opinion after reviewing the record of the hearing at that time that the ruling of the court was correct.[1]

■ As to No. 2 above, we are of opinion that the court did not err in order-

ing service of the summons quashed. An action in rem is one founded upon the rights in or to property. Ordinarily an action of this kind is brought for the purpose of having the court determine the rights of persons in the property before the court. While a writ of garnishment had been served upon The Travelers Insurance Company which was, under the terms of the policy, an insurer of the defendant Cox, it does not appear that at that time the Insurance Company was indebted to the defendant Cox. Any rights the plaintiffs might have had pursuant to their writ of garnishment against the Insurance Company was contingent upon their obtaining a judgment against the defendant Cox in the main action. It appears that at the time of the service of the garnishment the Insurance Company owed no obligation to Cox and there was no property right upon which the garnishment could attach. We are of opinion that prior to the plaintiffs obtaining a judgment against the defendant Cox in the main action the obligation of the Insurance Company is contingent and not subject to garnishment.[2] We have held in a prior decision [3] that an unliquidated tort claim against an automobile insurer was not a chose in action held by the insurer for the

---

1. Orange Theatre Corporation v. Ray Hertz Amusement Corporation, 3 Cir., 139 F.2d 871; D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243; Treadwell v. District Court, 133 Colo. 520, 297 P.2d 891.

2. Bristol v. Brent, 36 Utah 108, 103 P. 1076; Gray v. Houck, 167 Tenn. 233, 68 S.W.2d 117; Acheson-Harder Co. v. Western Wholesale Notions Co., 72 Utah 323, 329, 269 P. 1032, 60 A.L.R. 881.

3. Paul v. Kirkendall, 6 Utah 2d 256, 311 P.2d 376.

insured. We are of the view that the court did not err in granting the defendant's motion to quash service of summons.

As to the plaintiffs' third claim of error, it appears that the court granted the motion for summary judgment upon facts adduced from an affidavit of the defendant Dennis P. Cox and the deposition of one Rowland B. Mulchay, an assistant chief geologist for The Anaconda Company. Mr. Mulchay testified that company automobiles were not supposed to be used on personal business. However, he also stated that he had no knowledge of why Cox had the company's automobile at the time of the accident. The defendant Dennis P. Cox stated in his affidavit that at the time of the accident he was on his way home to have lunch with his wife. He also stated that on a number of prior occasions he had used the automobile to pick up laboratory equipment on his way back to the office, but that he did not recall whether he was going to pick up equipment on the day of the accident.

It will be noted that neither the deposition of Mulchay nor the affidavit of Cox assert that Cox was not acting within the scope of his authority. We are of the opinion these statements do not make a sufficient basis on which to grant a summary judgment. Prior decisions point out that

summary judgment is a drastic remedy and should be granted with reluctance.[4] The plaintiffs should be granted the opportunity of producing whatever evidence they wish, including circumstantial evidence, in support of their contention that the defendant Cox was acting within the scope of his employment.[5]

We are of opinion that the court erred in granting summary judgment. The matter is returned to the District Court for further proceedings in conformity to this opinion. Costs to the plaintiffs.

CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (concurring and dissenting).

I concur with the holding requiring trial between plaintiffs and the respondent, but I dissent from that part of the decision which says that the defendant Cox did not make a general appearance in this case.

The record shows that the original complaint was filed September 27, 1960, and that service was duly had upon Anaconda Company. Almost three years later an amended complaint was drawn and a motion made to file the same. This amended complaint was for the purpose of attempting to obtain jurisdiction over the insurance

4. Welchman v. Wood, 9 Utah 2d 25, 337 P.2d 410.

5. Barz v. Fleishmann Yeast Co., 308 Mo. 288, 271 S.W. 361; Larkins v. Utah Copper Co., 169 Or. 499, 127 P.2d 354, 52 A.L.R.2d 391.

carrier for the Anaconda Company, the contention being that defendant Cox was driving the automobile which injured plaintiffs with the permission of the Anaconda Company. The motion to file the amended complaint was noticed for hearing, and on November 6, 1965, the defendant Cox appeared by counsel, who orally objected to the filing of the amended complaint. At the time of the appearance counsel stated that he was appearing specially for the purpose of objecting to the motion before the court. The objection was overruled, the amended complaint filed, and on January 17, 1964, defendant Cox was served with summons in the State of Maryland.

It will be noted that at the time Cox appeared to resist the motion to file the amended complaint, he had never been served with summons and was not before the court.

The law is well settled to the effect that any request for relief or protection taken by a defendant except to object to the jurisdiction of the court over his person which action recognizes the case as being in court amounts to a general appearance. See cases cited in Vol. 18 of Words and Phrases under the heading "General Appearance." Under the heading "Appearances" in 4 C.J., Section 27, there appears the following language:

Broadly stated, any action on the part of a defendant except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance. Thus a party makes a general appearance by objecting to the jurisdiction of the court over the subject matter of the action, whether the objection is made by a motion or by formal pleading. * * * A general appearance is also made by * * * contesting or resisting a motion; * * * See also, 6 C.J.S. Appearances § 13, p. 42.

On March 3, 1964, the defendant Cox filed a motion to quash the service of summons and to dismiss the complaint. This motion was finally disposed of on the 19th day of November, 1964, by the court ordering the quashing of the service of summons upon Cox.

By appearing and objecting to the filing of the complaint, I think the defendant Cox made a general appearance. He could not be objecting to the service upon him at that time for no service had ever been had, and so long as service was not had upon him, he could not be hurt by the amendment. He asked the court for a favor, to-wit, not to permit the amended complaint to be filed, and this was an affirmative act which brought him squarely before the court.

Our Rules of Civil Procedure provide that the defense of lack of jurisdiction over the person may be coupled with other defenses in a responsive pleading or motion without waiving the claim of lack of jurisdiction. To this extent our law has been

changed from what it was under the code. However, the law regarding what constitutes a general appearance is the same under the rules as it was under the code. The only difference is that under the code the defendant would waive his claim of lack of jurisdiction by pleading to the merits of the case.

I think it is clear that the defendant Cox made a general appearance when he objected to the filing of the proposed amended complaint.

CROCKETT, C. J., concurs in the opinion of ELLETT, J.