No. 21607.

GERALD H. KOPEL, AS TRUSTEE IN BANKRUPTCY FOR THE LARK CORPORATION, INTERVENOR v. V. V. DAVIE.
(428 P.2d 712)

Decided June 12, 1967.

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Fugate and Mitchem, William E. Kenworthy, for plaintiff in error.

Barbary and Bate, for defendant in error.

*In Department.*

Opinion by Mr. Justice Kelley.

The plaintiff in error, Kopel, was appointed trustee in bankruptcy for the Lark Corporation subsequent to the conclusion (judgment) of litigation instituted by defendant in error, Davie, against Lark and its president, one Essert.

The purpose of the lawsuit was to rescind an oral agreement which had been partially performed, by the exchange of stock and automobiles. Davie was primarily concerned with the return of a certificate of stock of the Mt. Morrison Investment Company, which apparently was valuable, whereas the Lark stock which he had received in exchange was of little or no value.

During the course of the litigation a "joint motion and stipulation for impoundage of stock certificates" was executed by the attorneys for the respective parties and the respective stock certificates were accordingly deposited with the clerk of the district court.

After considerable tactical skirmishing, Lark's attorney and the attorney for Davie agreed that a judg-

ment be entered directing the clerk of the district court to return the Mt. Morrison stock to Davie. Between the time when counsel for the respective parties agreed to the summary judgment and the date of the actual entry of judgment by the court Lark was adjudged bankrupt.

Kopel, upon his appointment as trustee, promptly had himself substituted for Lark as a party defendant, intervened, and filed a motion under R.C.P. Colo. 55 (c) to vacate and set aside the judgment on the ground that the judgment was obtained through *inadvertence, surprise, or excusable neglect.* R.C.P. Colo. 60 (b) (1).

This case is not one involving a default judgment as such. It is true that the attorney for Lark did not actually appear in person on the day that the judgment in question was entered by the trial court. However, the explanation in the record, by way of a stipulation between the parties here, adequately explains his absence and gives no comfort to the trustee. The stipulation relates to what Mr. Johnson, an attorney, would have said had he testified in court. In pertinent part, it reads:

"I am attorney of record for the Lark Corporation and Ray Essert, as I was at all times during this action. After the filing of this action there were some discussions of settlement, based upon return of the Mount Morrison Investment Company stock to the Plaintiff. Eventually . . . Mr. Bate and I agreed informally that the case should be settled by the return of the stock if the Plaintiff would abandon his claim against Ray Essert personally. Mr. Bate [attorney for Davie] indicated that due to the attempted intervention by a judgment creditor he would rather have a summary judgment than a stipulated dismissal. Upon that basis I did not answer the request for admissions and did not defend the motion for summary judgment. . . ."

The Mt. Morrison stock had been endorsed by Davie to *Lark,* not *Essert.* The judgment for the return of the stock, therefore, of necessity, had to run against Lark. The trustee stands in the shoes of Lark. The only

60

evidence relating to the representation of Lark is that to which the trustee agreed, and it shows that Mr. Johnson represented Lark "at all times" and that he agreed to the judgment. There is no allegation, nor does the record suggest, that there was any fraud on the part of Johnson or any professional dereliction of duty which was inimical to the best interests of Lark. Nor does the record indicate that Johnson neglected his duty to the corporate client in order to gain an advantage for Essert. Lark and Essert were not adversaries. Davie was the adverse party. Had Johnson stipulated for the entry of a money judgment against Lark on an obligation of Essert's, an entirely different problem would be presented. Here the possession of the Mt. Morrison stock was technically in Lark, not Essert, and the judgment ordering its return to Davie could only have been against Lark.

Under the circumstances of this case, we are dealing with a situation where parties dealing at arm's length have stipulated for the entry of a judgment. It is not a default judgment in the true sense of the word, but a stipulated judgment; consequently, there was no mistake, inadvertence, surprise or excusable neglect.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.