## No. 26567

Columbia Savings and Loan Association, a Colorado corporation v. The District Court in and for the County of Clear Creek, State of Colorado; The Honorable Ronald J. Hardesty, Judge of the District Court in and for the County of Clear Creek, State of Colorado; Wallace D. Palmer and H. J. Bishop II, d/b/a Palmer Bishop Architects; Garland Cox Associates Incorporated; and Russell M. Miller

(526 P.2d 661)

Decided September 23, 1974.

C. J. Hafertepen, Gregory F. Palcanis, for petitioners.

White and Steele, P.C., John E. Clough, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This original proceeding seeking relief in the nature of mandamus, pursuant to Colo. Const. Art. VI, Sec. 3, and C.A.R. 21, was instituted by Columbia Savings and Loan Association (Columbia) against The District Court in and for the County of Clear Creek and the Honorable Ronald J. Hardesty, a judge of that court, to compel the court to vacate an order of March 8, 1974, consolidating two lien foreclosure actions. We issued a rule to show cause, the respondents have answered, and the matter is at issue. We now make the rule absolute.

This litigation is the outgrowth of two separate mechanic's lien foreclosure actions filed at different times against a certain piece of real estate known as The Georgetown Hose Company, Georgetown, Colorado.

The first case was filed June 21, 1972, by *Wallace D.*

*Palmer and H. J. Bishop II, d/b/a Palmer Bishop Architects, et al.,* plaintiffs *v. Argentine Corporation and William McComb,* defendants, being No. 10831, and referred to herein as the *Palmer-Bishop* case.

The second case was filed on April 9, 1973, by *Harold L. Haugen,* plaintiff *v. Argentine Corporation, Benjamin F. Tucker, the Public Trustee of Clear Creek County and Columbia Savings and Loan Association,* defendants, being No. 10918, and referred to herein as the *Haugen* case.

On February 26, 1974, a stipulation for dismissal with prejudice, pursuant to C.R.C.P. 41(a)(1)(B), was signed by all of the parties in the *Haugen* case. On March 1, 1974, the court entered an order in conformance with the stipulation.

On March 8, 1974, in the *Palmer-Bishop* case, pursuant to stipulation of the parties to that action, the court entered an order *nunc pro tunc* February 22, 1974, awarding judgment in favor of the plaintiffs and against the defendant Argentine Corporation in the amount of $23,489.50 plus costs. Columbia was not a party to the *Palmer-Bishop* case.

Also, on March 8, 1974, the court, in the *Palmer-Bishop* case, entered the following order:

"This matter coming on to be heard pursuant to motion of the plaintiffs in Civil Action No. 10831,

"IT IS ORDERED BY THIS COURT THAT pursuant to Colorado Revised Statutes 86-3-11 that Civil Action[s] Numbers 10918 and 10831 are consolidated under the caption of Civil Action No.____ and the plaintiffs in Civil Action No. 10831 will be named plaintiffs in the consolidated action with the plaintiff Harold L. Haugen."

The consolidation order was entered without notice being served upon Columbia. Counsel for the plaintiffs in *Palmer-Bishop* informed counsel for Columbia of the fact on March 12, 1974, and on March 25, 1974, Columbia was served with a "motion for determination of status of parties," which was filed in the consolidated cases by counsel for the plaintiffs in *Palmer-Bishop.*

The motion contains the following:

"These plaintiffs request that the court enter an order

establishing that the two lawsuits are consolidated for purposes of prosecution of the complaint in Civil Action No. 10831 [Palmer-Bishop], but that the complaint in Civil Action No. 10918 wherein the plaintiff [is] Harold L. Haugen be dismissed pursuant to the stipulation."

Without notice to Columbia, an ex parte hearing was had on the motion "to clarify the status of the parties." The following resultant order was entered:

". . . that the cases Civil Action No. 10918 and Civil Action No. 10831 are consolidated for trial and determination of issues presented or to be presented by the plaintiffs in Civil Action No. 10831 [Palmer-Bishop] *against the parties in both cases. The complaint of Harold L. Haugen is dismissed with prejudice pursuant to the Stipulation for Dismissal.*

"The plaintiffs in Civil Action No. 10831, Palmer Bishop Architects, Beckett Harmon Associates, Inc., Garland Cox Associates, Inc., and Russell M. Miller shall have 20 days from the date of the order to file an amended complaint to include any claims that they have against the defendants in both actions." (Emphasis added.)

The plaintiffs in *Palmer-Bishop* filed an amended complaint with the court and left a copy thereof at Columbia's office.

Columbia filed a motion to strike pursuant to C.R.C.P. 12(b), reciting the foregoing procedural facts, alleging that the orders of consolidation of the two actions subsequent to the entry of the order of March 1, 1974, dismissing the *Haugen* case *with prejudice,* was of no effect and that the attempted service of the plaintiff's amended complaint by leaving a copy, without a summons, at Columbia's office (not upon an officer, manager, general agent or registered agent) was not in accord with C.R.C.P. 4, and, therefore, the court did not have jurisdiction over Columbia in the "consolidated cases."

This motion was heard on June 27, 1974, and the following ensued:

(1) The order of dismissal of the *Haugen* case was vacated; (2) the order consolidating the two actions was reaffirmed;

(3) Columbia was ordered to file an answer within twenty days; and (4) that twenty days from the filing of Columbia's answer that the parties file a pretrial statement looking toward the early conclusion of the litigation.

■ In this proceeding Columbia challenges the power of the court under C.R.S. 1963, 86-3-11(1) to consolidate one action which is pending with another action which has been dismissed with prejudice. Columbia contends that the court is proceeding without jurisdiction of the person. Contrary to respondents' contention, this is a proper matter to be resolved in a C.A.R. 21 proceeding. *Smardo v. Huisenga,* 159 Colo. 442, 412 P.2d 431 (1966); *Kellner v. District Court,* 127 Colo. 320, 256 P.2d 887 (1953).

In support of their position that the court is proceeding within and not in excess of its jurisdiction, the respondents argue:

"The District Court obtained jurisdiction over the subject matter of the law suit and over the petitioner by virtue of the Answer that was filed by Columbia Savings in the Haugen case. The Court pursuant to Rule.60 of the Colorado Rules of Civil Procedure has the authority and jurisdiction to correct any mistakes in judgments, orders or other parts of the record and can do so either on his own initiative or by motion."

C.R.C.P. 60(b) does provide that the court may relieve a party or his legal representative from a final judgment for mistake, inadvertence, surprise or excusable neglect. Respondents in support of their position argue that:

"A mistake was made because of the geographical problems of Judge Hardesty being officed in Golden in the Jefferson County District Court and traveling and handling matters in the Clear Creek County Court on a regular occasion. The order of dismissal based upon stipulation was signed by Judge Hardesty while in the Jefferson County District Court and not while in the Clear Creek County District Court acting in his official capacity."

The facts, as noted above, are that the parties to the *Haugen* case stipulated to the dismissal of the action *with*

*prejudice* pursuant to C.R.C.P. 41(a)(1)(B). The court entered its order on the stipulation without any knowledge, so far as the record before us discloses, of any desire or intention on the part of the parties to the other action to consolidate the two proceedings. It was not until March 8 that the matter of consolidation was brought to the court's attention.

■ The mistake, inadvertence, surprise or excusable neglect subject to correction must be by a party to the action, or his legal representative. The respondents do not fall within the ambit of the rule. Clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight or omission may be corrected by the court on its own motion or the motion of any party. C.R.C.P. 60(a). The allegations as to error in the instant case do not fall within the type of error contemplated by this rule.

■ Here the parties to the *Haugen* case, dealing at arm's length, stipulated for the entry of the judgment of dismissal. They do not claim mistake, inadvertence, surprise or excusable neglect, nor are any of the parties to the action seeking to have the order set aside. *See Kopel v. Davie,* 163 Colo. 57, 428 P.2d 712 (1967). That judgment is final. Upon dismissal neither the action or the parties were within the jurisdiction of the court. Hence, its order to consolidate a non-existing action was futile.

The rule is made absolute.