In re the MARRIAGE OF Donna GEORGE, Appellant,

and

Lyle Arnold George, Appellee.

No. 81CA1187.

Colorado Court of Appeals, Div. III.

Aug. 19, 1982.

Bettenberg, Miller, Makkai & Dowdle, Charles E. Stirman, Denver, for appellant.

Dolan & Dolan, Joseph J. Dolan, Boulder, for appellee.

KELLY, Judge.

In this dissolution of marriage proceeding, the wife appeals the order of the trial court denying her motion to vacate an order requiring her to pay the husband $1,000 as overpayment of child support and maintenance and $350 as attorney's fees which had been previously ordered by the court. She argues that the trial court erred in entering judgment against her without holding a hearing on the issue. We affirm.

The trial court entered an order, in accordance with the parties' stipulation in April 1980, requiring the wife to submit to the husband within ten days a list of dates and amounts she claimed as arrearages for child support and maintenance. The husband was then given an additional ten days to provide evidence of payment and evidence of overpayment. The trial court ordered that, in the event either party failed to provide this evidence, the other was permitted to submit a claim for moneys owed "which shall constitute the accounting of moneys owed." The order required "payment within fifteen days after the filing of said accounting with the court."

Upon the wife's failure to comply with this order, the husband, in October 1980, filed a motion supported by checks made to the clerk of the district court claiming overpayment of $1,000 and previously ordered attorney's fees of $350. An order requiring payment of these amounts was entered *ex parte* two days after the motion was filed. The trial court denied the wife's motion to vacate this order.

The wife argues that the husband's October 1980 motion was either a motion for judgment on the pleadings under C.R.C.P. 12, a motion for default judgment under C.R.C.P. 55, or a motion for summary judgment under C.R.C.P. 56. We disagree.

Where parties deal at arm's length and are represented by counsel who agree to the entry of judgment, and there is no fraud on the attorneys' part or any professional dereliction of duty inimical to the best interests of the parties, a judgment entered pursuant to their stipulation is not a default judgment, but is a stipulated judgment. *Kopel v. Davie,* 163 Colo. 57, 428 P.2d 712 (1967); *Valley National Bank v. Sensitronics, Inc.,* 497 P.2d 354 (Colo. App. 1972) (not selected for official publication).

It is undisputed that the April 1980 order of the trial court was entered pursuant to the parties' stipulation and accurately represents that agreement. Since the procedure followed by the husband in

presenting his evidence of overpayment was contemplated by the parties in the stipulation and ordered by the court, and since the order stated that such evidence would constitute the accounting and was to be paid within fifteen days thereof, the *ex parte* order of the trial court was the equivalent of a stipulated order for entry of judgment. Moreover, there was no mistake, inadvertence, surprise, or excusable neglect warranting the setting aside of the judgment. *Kopel v. Davie, supra.*

In view of our disposition on the wife's motion to vacate, we need not reach her other contentions.

Judgment affirmed.

SMITH and KIRSHBAUM, JJ., concur.