Joseph A. SALVO, Plaintiff-Appellee,

v.

Richard N. DE SIMONE, Defendant-Appellant,

and

Trendsetter of Colorado Springs, Inc., Defendant.

No. 85CA0196.

Colorado Court of Appeals, Div. III.

Sept. 25, 1986.

John C. Eastlack, Colorado Springs, for plaintiff-appellee.

Charles J. Haase, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

The defendant, Richard N. De Simone, appeals from the denial of his motion to set aside judgment. We reverse and remand.

In December 1982, plaintiff, Joseph A. Salvo, filed suit against De Simone and Trendsetter of Colorado Springs, Inc. The suit sought compensatory damages for defendants' failure to complete construction of plaintiff's home in a good and workmanlike manner. When defendants failed to respond, a default judgment was entered on February 18, 1983. The following month, on De Simone's motion, the court set aside the default as to De Simone on the question of his individual liability, but let stand the judgment against Trendsetter and the amount of damages assessed.

On December 15, 1983, a stipulation and settlement agreement was executed by plaintiff and De Simone and thereafter approved by the trial court. As pertinent here, the agreement required De Simone to complete construction and repair the home on or before April 1, 1984. In the event that De Simone failed to do so, it further provided that: "Plaintiff shall be entitled to complete an affidavit and statement of non-compliance by [De Simone] and judgment shall enter by the court against the Defendant, Richard N. De Simone, individually...."

Pursuant to this stipulation, on October 5, 1984, plaintiff filed a sworn motion for entry of judgment alleging that De Simone had failed to provide materials and labor for completion of construction and for correction of the defects in the home. The motion was not served on De Simone. The trial court granted the motion and entered judgment in favor of plaintiff on October 17, 1984.

On October 26, De Simone moved to set aside the judgment alleging that plaintiff's motion for entry of judgment did not set forth a true and correct statement of the facts and that, therefore, it constituted a fraud on the court. De Simone also asserted that he was entitled to notice and hearing under the provisions of C.R.C.P. 55(b). The motion was accompanied by an affidavit asserting that the repairs and work required by the settlement agreement had been adequately completed.

Finding that the settlement agreement did not permit the filing of a traverse affidavit by De Simone, and that it removed all factual determinations from the jurisdiction of the court, the trial court concluded that plaintiff had satisfied the terms of the settlement agreement by filing his sworn motion. It then denied defendant's motion to set aside the judgment.

De Simone reasserted his fraud claim in a motion seeking reconsideration of the trial court's denial of his motion to set aside the judgment. The trial court again denied the motion, reaffirming its earlier findings of fact and conclusions of law emphasizing plaintiff's compliance with the terms of the settlement agreement for obtaining judgment. In addition, the trial

court found that the settlement agreement was intended to avoid further litigation and that the parties, having made their own agreement, were bound by its terms.

Seeking reversal of the trial court's denial of his motions, De Simone contends that he is entitled to a hearing on his fraud claim. Although we reject De Simone's assertion that the provisions of C.R.C.P. 55(b) entitle him to a hearing, we reverse the trial court's order denying his motion to set aside the judgment.

■ A judgment entered pursuant to a stipulated agreement is not a default judgment; thus, the provisions of C.R.C.P. 55 do not apply, and an ex parte entry of judgment is valid if the procedure for obtaining judgment set forth in the agreement does not require a hearing. *In Re Marriage of George*, 650 P.2d 1353 (Colo. App.1982); *Kopel v. Davie*, 163 Colo. 57, 428 P.2d 712 (1967). However, where the necessity for relief from judgment on the basis of fraud comes to the attention of the court, the provisions of C.R.C.P. 60(b)(2) may be invoked without requiring the filing of a motion so denominated. 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2865 (1973). *See generally Kopel v. Davie, supra.*

■ C.R.C.P. 60(b)(2) provides that relief from final judgment may be had on the ground of fraud whether intrinsic or extrinsic. C.R.C.P. 1(a) directs that the rules of procedure be liberally construed. Therefore, we hold that the allegations set forth in De Simone's C.R.C.P. 55 motion are sufficient to assert a basis for relief from judgment on the basis of fraud. *See* C.R.C.P. 60(b)(2); *Estate of Bonfils v. Davis*, 190 Colo. 70, 543 P.2d 701 (1976). Thus, De Simone is entitled to a determination of his motion on its merits following a hearing. *See* C.R.C.P. 121 § 1–15(4) and 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2866 (1973).

Accordingly, the judgment is reversed, and the cause is remanded for determination of De Simone's motion to set aside judgment.

PIERCE and TURSI, JJ., concur.