**416**

427 P.2d 550

**ARIZONA TANK LINES, INC., a corporation, Appellant,**

v.

**Orville SCHOOLCRAFT, Motor Transit Systems, Inc., a corporation, and Carnation Company, a corporation, Appellees.**

**No. 2 CA–CIV 207.**

Court of Appeals of Arizona.

May 17, 1967.

Rees, Estes & Browning, by Donald Estes, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellees.

KRUCKER, Judge.

This is an appeal from an order granting the motion of Carnation Company, defendant-appellee herein, to set aside default and default judgment. The case arose from an intersection accident in Pima County, Arizona, on March 3, 1965. The action was filed in the Superior Court of Pima County on June 18, 1965, and service obtained on Carnation Company on June 21, 1965. Default was entered July 16, 1965, and judgment entered July 20, 1965, for the full amount of the prayer in plaintiff's complaint.

No response was forthcoming from the defendant, Carnation Company, so plaintiff's counsel wrote Carnation Company, advising of the judgment. A motion to set aside the default judgment was filed September 22, 1965, based upon neglect and inadvertence of the assistant manager, C. L. Graham, of the Carnation Company, and his secretary.

The question presented for review is whether the trial court erred and abused its discretion in finding inadvertence or excusable neglect in setting aside the default judgment.

For good cause shown, the Superior Court may set aside an entry of

default (Rule 55(c), Arizona Rules of Civil Procedure, 16 A.R.S.), and may relieve a party from a final judgment for mistake, inadvertence, surprise or excusable neglect (Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S.).

In this appeal the affidavits show that the branch manager of Carnation Company in Tucson was served with summons and complaint, which were forwarded and received by C. L. Graham, assistant general manager of the Carnation Company in Phoenix, Arizona. Graham directed a letter to the insurance department of the Carnation Company in Los Angeles, and instructed his secretary to send copies of the summons and complaint to the Arizona Office of the Aetna Casualty & Surety Company, the insurance carrier for Carnation Company.

Graham's regular secretary was on vacation. The substitute secretary was not familiar with this type of insurance claim. Graham left on vacation July 5, 1965, and did not return until after the default was entered. The substitute secretary could not remember whether she sent a copy of the summons and complaint to Aetna. One L. F. Nugent, claims superintendent of the Aetna Casualty & Surety Company, did not receive a copy of the summons and complaint and was not cognizant of the pending litigation prior to the entry of default judgment. The attorneys for the insurance carrier for Carnation Company were never aware of the litigation until after the default judgment was filed.

The law does not require a reasonable man to check every task assigned to his secretary, where there is nothing to indicate that a reasonable person might infer that the assigned task has not been performed. As we stated in Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 121, 400 P.2d 125, 129 (1965) : [1]

"Our Supreme Court has held that the test of whether one is entitled to relief under this rule is 'whether his conduct might be the act of a reasonably prudent person under the same circumstances.' * * * It is further the law of this state that: 'Whether a sufficient showing of excusable neglect has been made is within the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse thereof.' "

We hold that there were sufficient facts to justify the trial court in finding that there was excusable neglect and that the court did not abuse its discretion in setting aside the default judgment.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

---

1. This case was reversed as to the individual defendants because of improper service, a resolution which does not affect this decision as to excusable neglect. (Safeway Stores, Inc. v. Ramirez, 99 Ariz. 372, 409 P.2d 292 (1965)).